■ WILLIAM C. BENNETT, as Administrator of the Estate of DELORES A. BENNETT, Deceased, Appellant, v ROBERT L. SULLIVAN, Respondent.—Mikoll, J. Appeal from an order and judgment of the Supreme Court at Special Term (Hughes, J.), entered February 1, 1985 in Schenectady County, which granted defendant's motion for summary judgment dismissing the complaint.

This wrongful death action based on medical malpractice was commenced by the service of a summons and complaint on defendant on February 22, 1984. The complaint alleged that defendant, a cardiologist, negligently prescribed the drug "Prelu II" for decedent, Delores Annabelle Bennett, a heart patient, that use of "Prelu II" was contraindicated for patients with decedent's medical history and that defendant's actions in doing so were "outside the realm of accepted medical practice".

An answer and demand for a bill of particulars was served on March 12, 1984 upon plaintiff's attorney. In the absence of receipt of a bill of particulars, defendant moved for a preclusion order on May 22, 1984. On July 13, 1984, defendant served a copy of a conditional order precluding plaintiff from offering any evidence at trial in support of the allegations of the complaint unless plaintiff served a verified bill of particulars on defendant within 30 days. The bill of particulars was never served. In October 1984, defendant moved for summary judgment dismissing the action. By order and judgment entered February 1, 1985, Special Term granted the motion and dismissed the action on the merits. Plaintiff appeals from that order and judgment. Subsequently, a motion for reargument was granted and Special Term adhered to its original decision.

The order and judgment appealed from should be affirmed. Special Term did not abuse its discretion in granting defendant's motion for summary judgment dismissing this action.

Originally, plaintiff did not cross-move for relief from his default in service of a bill of particulars. Instead, he simply argued that defendant's motion for summary judgment should be denied because plaintiff did not then have information necessary to complete the bill of particulars but that he intended at some future time to make a motion to reargue the prior motion to preclude and to set aside the order of preclusion. It is significant, however, that plaintiff had consented to the entry of the conditional preclusion order and is therefore bound by that order until it is vacated or set aside *(see, Centenni v St. Peter of Alcantara,* 99 AD2d 525, *lv denied* 63 NY2d 605).

Plaintiff contends that Special Term should have denied defendant's motion for summary judgment because plaintiff did not have the information necessary to complete the bill of particulars. This contention, however, has little weight, since plaintiff never attempted to obtain disclosure of the information from defendant during the pendency of the action and prior to the granting of the original motion for summary judgment. Further, a physician is required to furnish a patient's medical record on demand under Public Health Law § 17. Plaintiff also failed to seek an extension of time to comply with the 30-day order or any other relief.

Plaintiff, on the argument of the original motion for summary judgment, failed to provide an affidavit containing expert medical opinion evidence supporting his malpractice claims. Such expert evidence is necessary to demonstrate that a malpractice action has merit *(Fiore v Galang,* 64 NY2d 999, 1001). While an affidavit from a physician was later submitted on the reargument of the motion, it was speculative, indefinite and conclusory on the issue of causation and could properly be rejected by Special Term.

Thus, plaintiff has failed to show that Special Term abused its discretion. Plaintiff failed both to demonstrate that there was a sufficient excuse for the law office failure to serve a timely bill of particulars *(see, Schicchi v Green Constr. Corp.,* 100 AD2d 509, 510; *La Buda v Brookhaven Mem. Hosp. Med. Center,* 98 AD2d 711, *affd* 62 NY2d 1014) and that he had a meritorious cause of action *(see, Fiore v Galang, supra).*

Order and judgment affirmed, with costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.