■ DEBORAH ABRAM, by TERRY L. ABRAM, Her Guardian ad Litem and Conservator, et al., Respondents, v CHILDREN'S HOSPITAL OF BUFFALO et al., Appellants, et al., Defendant.—Order insofar as appealed from unanimously reversed on the law without costs, in accordance with the following memorandum: Plaintiffs moved to amend a medical malpractice complaint against the surgeon, the hospital and certain employees, and the anesthesiology professional corporation and certain employees, to add a cause of action against all defendants for lack of informed consent on the ground that the patient had never been fully or properly informed that a nurse anesthetist and/or a student physician and/or a resident in obstetrics and gynecology were to participate vitally in the administration of anesthetic during her surgery. During a laparoscopy, plaintiff wife suffered cardiac arrest and remains comatose.

The cause of action for lack of informed consent has since 1975 been defined by Public Health Law § 2805-d and is limited to the failure of the person providing professional treatment or diagnosis to disclose to the patient alternatives thereto and the reasonably foreseeable risks and benefits involved. This statute was enacted to limit the ·doctrine of informed consent as it had developed in case law (see, legislative mem, 1975 McKinney's Session Laws of NY, at 1599 [ch 109]). The above definition covers disclosure of alternatives to treatment, and risks and benefits involved in treatment; it cannot reasonably be read to require disclosure of qualifications of personnel providing that treatment. Even before the enactment of Public Health Law § 2805-d such a claim had been rejected (see, Zimmerman v New York City Health & Hosps. Corp., 91 AD2d 290; Henry v Bronx Lebanon Med. Center, 53 AD2d 476). Special Term struck certain allegations of the proposed second cause of action. Only the hospital defendants and the anesthesiology defendants have appealed, contending that the proposed cause of action, even as redacted, has no merit and that leave to amend should not have been granted at all. We agree with appellants. The order insofar as it granted leave to serve an amended complaint against appellants is reversed, and the plaintiffs' motion is

denied with respect to defendants-appellants. (Appeal from order of Supreme Court, Erie County, Gossel, J.—amend complaint.) Present—Dillon, P. J., Doerr, Green, Pine and Davis, JJ.