■ JANET BALDASARE et al., Respondents, v PHILIP SURIANO et al., Appellants.—In an action to recover damages for medical malpractice, etc., the defendants separately appeal, as limited by their briefs, from so much of an order of the Supreme Court, Westchester County (Wood, J.), entered November 20, 1989, as denied their separate motions for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision denying the defendant Lawrence Hospital's motion for summary judgment dismissing the complaint and substituting therefor a provision granting the motion and

dismissing the complaint insofar as asserted against it; and as so modified, the order is affirmed, with costs to the defendant Lawrence Hospital payable by the plaintiffs.

The affidavits and depositions of the defendants Philip Suriano, M.D., and Juan S. Afif, M.D., essentially outlining the care rendered to the plaintiff Janet Baldasare during her stay at the defendant Lawrence Hospital, were insufficient to establish a prima facie showing of their entitlement to judgment as a matter of law (see, Alvarez v Prospect Hosp., 68 NY2d 320; Winegrad v New York Univ. Med. Center, 64 NY2d 851). In any event, the plaintiffs submitted an affidavit from a medical expert that the medical care and treatment rendered by these defendants was not in accordance with good and accepted medical practice (see, Alvarez v Prospect Hosp., supra). Accordingly, the Supreme Court properly denied these defendants' motion for summary judgment.

However, the medical records submitted by the defendant Lawrence Hospital were sufficient to warrant granting summary judgment to the hospital dismissing the complaint insofar as asserted against it. Specifically, the records disclose that there is no merit to the plaintiffs' contention that the hospital's radiologists departed from good and acceptable medical practice by their failure to "rule out ectopic pregnancy". The first radiology report of the pelvic sonography of the patient plaintiff clearly and promptly notified the defendant physicians that "[n]o definitive intrauterine pregnancy was demonstrated", and that "[i]n view of the patient's history, an ectopic pregnancy could not be excluded". Moreover, the plaintiffs' expert did not contend that the hospital was responsible for the acts or omissions of the defendant physicians or that the hospital personnel should have intervened in the medical care of the patient plaintiff by the defendant physicians. Bracken, J. P., Kooper, Sullivan and Lawrence, JJ., concur.