■ LYDIA VOGEL et al., Appellants, v THOMAS J. PALMIERI, Respondent, et al., Defendant. [633 NYS2d 404] —In an action to recover damages for personal injuries, etc., arising from medical malpractice, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (O'Brien, J.), dated March 10, 1994, as granted the branch of the motion of the defendant Thomas Joseph Palmieri which was for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant Dr. Thomas Joseph Palmieri performed surgery on the right hand of the plaintiff Lydia Vogel to relieve the effects of what was diagnosed as carpal tunnel syndrome. The plaintiff, alleging, *inter alia,* that she was unable to open her hand completely after the surgery, commenced this action

against Dr. Palmieri and his clinic, the defendant Hand Rehabilitation Center of Long Island, alleging lack of informed consent and medical malpractice. The court granted the branch of the motion of the defendant Thomas Joseph Palmieri which was for summary judgment and dismissed the complaint insofar as asserted against him. We now affirm.

In support of his motion for summary judgment, Dr. Palmieri submitted evidence in admissible form sufficient to warrant summary judgment in his favor (see, Winegrad v New York Univ. Med. Ctr., 64 NY2d 851). Accordingly, the burden shifted to the plaintiff to raise a triable issue of material fact (see, Winegrad v New York Univ. Med. Ctr., supra; Baldasare v Suriano, 175 AD2d 93). Here, however, the affidavit submitted by the plaintiff's expert failed to connect the factual assertions made therein to the plaintiff's claim alleging medical malpractice or lack of informed consent other than in a purely conclusory manner (see, e.g., Bennett v Sullivan, 116 AD2d 938). Thus, the complaint was properly dismissed insofar as it is asserted against Dr. Palmieri. Balletta, J. P., Thompson, Ritter and Florio, JJ., concur.