■ RUTH KASENDORF et al., Appellants, v HEMPSTEAD GENERAL HOSPITAL et al., Respondents. [658 NYS2d 1013] —In an action to recover damages for medical malpractice, etc., the

plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Davis, J.), entered January 11, 1996, which, upon the granting of the defendants' respective motions for summary judgment, is in favor of the defendants and against them dismissing the complaint.

Ordered that the order is affirmed, with one bill of costs.

In support of their respective motions for summary judgment, Dr. Stuart Arnold and Hempstead General Hospital submitted evidence in admissible form sufficient to warrant summary judgment in their favor. Accordingly, the burden shifted to the plaintiffs to raise a triable issue of material fact *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320). Here, the plaintiffs' expert failed to connect the factual assertions made in his affidavit to the plaintiffs' cause of action alleging medical malpractice other than in a purely conclusory manner *(see, Vogel v Palmieri,* 221 AD2d 522). Thus, the complaint was properly dismissed.

Furthermore, the plaintiffs' reliance upon the doctrine of res ipsa loquitur in opposition to the motions is misplaced inasmuch as they failed to raise a triable issue of fact with regard to the requisite elements of the doctrine. They submitted no evidence demonstrating that the defendants exercised exclusive control over the instrumentality which allegedly caused Ruth Kasendorf's injury, nor did they identify that instrumentality *(see, Kambat v St. Francis Hosp.,* 89 NY2d 489; *Georges v Swift,* 194 AD2d 517). Bracken, J. P., Sullivan, Pizzuto and Krausman, JJ., concur.