■ SONDRA LOWERY, Respondent-Appellant, v HENRY LAMAUTE, Appellant-Respondent. [836 NYS2d 650]—

In an action to recover damages for medical malpractice, the

defendant appeals from a judgment of the Supreme Court, Queens County (Weiss, J.), entered January 20, 2005, which, upon a jury verdict finding that the plaintiff sustained damages in the principal sum of $4,000,000, and upon the denial of his motion pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law dismissing the complaint, is in favor of the plaintiff and against him, and the plaintiff cross-appeals, as limited by her brief, from stated portions of the judgment.

Ordered that the cross-appeal is dismissed, as the plaintiff is not aggrieved thereby (see CPLR 5511); and it is further,

Ordered that the judgment is reversed, on the law, and the complaint is dismissed; and it is further,

Ordered that the defendant is awarded one bill of costs.

We agree with the defendant that the plaintiff failed to establish a prima facie case of medical malpractice against him because the testimony of the plaintiff's expert as to a deviation from good and accepted medical practice and causation was unduly speculative. The plaintiff's theory of liability was that the defendant, during the performance of a thyroidectomy, negligently touched a surgical clamp with an electrocautery device, causing injury to the plaintiff's recurrent laryngeal nerves. However, there was no evidence, either direct or circumstantial, that the surgical clamp was ever located near those nerves during the operation, or that it was ever touched with the electrocautery device. Since the plaintiff's expert admitted that there were other possible causes of the injury to the recurrent laryngeal nerves, there was no evidentiary basis for his assumptions that the surgical clamp was placed near those nerves, and that the electrocautery device touched the surgical clamp at least twice, once on each side (see Cassano v Hagstrom, 5 NY2d 643, 646 [1959]; Lipsius v White, 91 AD2d 271, 279 [1983]). Accordingly, the complaint should have been dismissed.

In light of this determination, it is unnecessary to reach the defendant's remaining contentions.

We note that the judgment before us on this appeal and cross appeal did not afford relief to any party other than the plaintiff. Thus, the plaintiff's cross appeal from the judgment must be dismissed (see CPLR 5511) Crane, J.P., Krausman, Lifson and Balkin, JJ., concur.