LYNN M. DEMMING, Formerly Known as LYNN M. SCHILLINGER, Respondent, v MICHAEL J. DENK, M.D., et al., Appellants, et al., Defendant. [852 NYS2d 498]—

Appeals from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered August 29, 2007 in a medical malpractice action. The order, inter alia, denied the motions of defendants Michael J. Denk, M.D., Buffalo Medical Group, P.C., Kaleida Health, doing business as Buffalo General Hospital, and Buffalo General Hospital for summary judgment dismissing the complaint against them.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting the motion of defendants Kaleida Health, doing business as Buffalo General Hospital, and Buffalo General Hospital and dismissing the complaint against them and by denying plaintiff's cross motion against those defendants and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action on May 10, 2002 seeking to recover damages for injuries to her abdomen resulting from the alleged negligence of defendant Michael J. Denk, M.D. during breast reconstruction surgery performed on September 29, 1998 at defendant Buffalo General Hospital (Hospital). Supreme Court properly denied the motion of Dr. Denk and the Buffalo Medical Group, P.C. (collectively, Denk defendants) for summary judgment dismissing the complaint against them as time-barred and properly granted plaintiff's cross motion to strike the affirmative defense of those defendants based on the statute of limitations. Although those defendants met their initial burden, plaintiff in opposition established the applicability of the continuous treatment doctrine based upon a November 11, 1999 procedure that would

complete the final stage of plaintiff's five-stage breast reconstruction performed by Dr. Denk (*see* CPLR 214-a; *Massie v Crawford,* 78 NY2d 516, 519 [1991], *rearg denied* 79 NY2d 978 [1992]). The abdominal complaints of plaintiff are directly related to Dr. Denk's "course of treatment" for the breast reconstruction inasmuch as plaintiff's abdominal muscle and tissue were used to construct the new breasts (*see Branigan v DeBrovner,* 197 AD2d 270, 274-275 [1994]; *cf. Nykorchuck v Henriques,* 78 NY2d 255 [1991]; *see generally Massie,* 78 NY2d at 519-520; *McDermott v Torre,* 56 NY2d 399, 405-406 [1982]). We have reviewed the remaining contentions of the Denk defendants and conclude that they are lacking in merit. To the extent that our decision in *Adam v Park Ridge Hosp.* ([appeal No. 3] 261 AD2d 862 [1999]) may be read to be inconsistent with our decision herein, that decision is no longer to be followed.

We further conclude, however, that the court erred in denying the motion of Kaleida Health, doing business as Buffalo General Hospital, and the Hospital (collectively, Hospital defendants) for summary judgment dismissing the complaint against them as time-barred (*see* CPLR 214-a), and in granting plaintiff's cross motion to strike the affirmative defense of those defendants based on the statute of limitations. We therefore modify the order accordingly. Those defendants met their initial burden, and plaintiff failed to raise an issue of fact whether she had the requisite "relationship of trust and confidence" with them in order for the continuous treatment doctrine to apply (*Neureuther v Calabrese,* 195 AD2d 1035, 1036 [1993]). Plaintiff's reliance upon the five procedures performed at the Hospital during the course of the breast reconstruction is insufficient to establish the necessary relationship of trust and confidence between plaintiff and the Hospital defendants. Plaintiff did not seek additional treatment from those defendants between the procedures, and plaintiff's physician made the determination when to schedule each procedure. Thus, each of the five surgical procedures was separate and discrete with respect to the Hospital defendants (*see Williamson v PricewaterhouseCoopers LLP,* 9 NY3d 1, 10-11 [2007]; *see also McDermott,* 56 NY2d at 403). Plaintiff also failed to raise an issue of fact whether there was an agency or other relationship giving rise to vicarious liability between Dr. Denk and the Hospital defendants (*see Hill v St. Clare's Hosp.,* 67 NY2d 72, 79 [1986]). Plaintiff's submissions merely demonstrate that Dr. Denk was serving as the chairperson of the Hospital defendants' plastic surgery department at the time of the procedures, and his voluntary position as a chief of a hospital department "does not, by itself, raise any

inference that the [Hospital defendants] exercised control over his private practice" (*Sledziewski v Cioffi*, 137 AD2d 186, 188 [1988]). Present—Hurlbutt, J.P., Smith, Peradotto and Pine, JJ.