DANASIA MARTINEZ et al., Respondents, v CHRISTOPHER G. LA PORTA et al., Defendants, and STATEN ISLAND UNIVERSITY HOSPITAL, Appellant. [857 NYS2d 193]—

In an action, inter alia, to recover damages for medical malpractice, etc., the defendant Staten Island University Hospital appeals from an order of the Supreme Court, Richmond County (Maltese, J.), dated December 15, 2006, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Staten Island University Hospital for summary judgment dismissing the complaint insofar as asserted against it is granted.

The plaintiffs claim that the infant plaintiff suffered a neurological injury known as Erb's palsy during her birth as a result of the defendants' negligence. The infant was delivered by a private attending physician, the defendant Dr. Christopher

G. La Porta at the defendant Staten Island University Hospital (hereinafter SIUH) with an SIUH staff nurse providing assistance. SIUH moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that it was not liable for the actions of a private attending physician, and there was no evidence of any independent acts of negligence by its staff. The Supreme Court denied the motion. We reverse.

In general, a hospital cannot be held vicariously liable for the negligence of a private attending physician (*see Hill v St. Clare's Hosp.*, 67 NY2d 72, 79 [1986]; *Cerny v Williams*, 32 AD3d 881, 883 [2006]). In addition, a hospital "cannot be held concurrently liable with such a physician unless its employees commit independent acts of negligence or the attending physician's orders are contraindicated by normal practice" (*Cerny v Williams*, 32 AD3d at 883; *see Toth v Community Hosp. at Glen Cove*, 22 NY2d 255, 265 n 3 [1968]).

SIUH established, prima facie, that its employees followed the orders of the attending physician, the defendant La Porta, that those orders were not contraindicated by normal practice, and that the nurse who assisted in the delivery did not commit any independent acts of negligence. In opposition, the plaintiffs failed to raise a triable issue of fact (*see Cook v Reisner*, 295 AD2d 466, 467 [2002]; *Kasendorf v Hempstead Gen. Hosp.*, 240 AD2d 370, 371 [1997]; *Georges v Swift*, 194 AD2d 517, 518 [1993]). The opinion of the plaintiffs' expert that there may be a triable issue of fact as to whether the nurse improperly applied traction to the infant during the delivery had no factual support in the record (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]; *Lowery v Lamaute*, 40 AD3d 822 [2007]). Accordingly, the Supreme Court should have granted SIUH's motion for summary judgment. Ritter, J.P., Covello, Angiolillo and McCarthy, JJ., concur.