Ordered that the branch of the cross motion which is to dismiss the appeal from the order dated October 8, 2009, is denied as unnecessary in light of our determination on the appeal. Rivera, J.P., Covello, Santucci and Sgroi, JJ., concur.

■ LISA SELA et al., Appellants, v LAWRENCE KATZ, Defendant, and GOOD SAMARITAN HOSPITAL, Respondent. [911 NYS2d 112]—

In an action, inter alia, to recover damages for medical malpractice and lack of informed consent, etc., the plaintiffs appeal from an order of the Supreme Court, Rockland County (Nelson, J.), entered April 24, 2009, which granted the motion of the defendant Good Samaritan Hospital for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

On August 4, 1997, the injured plaintiff underwent arthroscopic surgery on her right knee at the facility of the defendant Good Samaritan Hospital (hereinafter Good Samaritan). The surgery was performed by the defendant Dr. Lawrence Katz, the injured plaintiff's private physician. At the commencement of the surgery, at Dr. Katz's direction, an Ace bandage and a tourniquet inflated to a pressure of 300 millimeters of mercury were used to exsanguinate the plaintiff's knee in order to afford Dr. Katz an unobscured view of the surgical area. According to medical records, the tourniquet was deflated at the conclusion of the surgery, 19 minutes after it was inflated. After the surgery, the injured plaintiff developed reflex sympathetic dystrophy (hereinafter RSD), which she attributes to excessive pressure of the tourniquet. She, and her husband suing derivatively, commenced this action, inter alia, seeking damages for medical malpractice and lack of informed consent. After discovery was completed, Good Samaritan moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court granted the motion, and we affirm.

Good Samaritan established its prima facie entitlement to judgment as a matter of law by presenting evidence in admissible form, inter alia, that Dr. Katz was the defendant's private physician and was not employed by the hospital, that he did nothing contraindicated by normal practice that would make the operating room nurse question his orders, and that the operating room staff did not depart from good and accepted practice with regard to the injured plaintiff's care (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; Martinez v La Porta, 50 AD3d 976, 977 [2008]; Muniz v Katlowitz, 49 AD3d 511, 513-514 [2008]).

In opposition, the plaintiffs failed to raise a triable issue of fact. First, "where a private physician attends his or her patient at the facilities of a hospital, it is the duty of the physician, not

the hospital, to obtain the patient's informed consent" (*Salandy v Bryk*, 55 AD3d 147, 152 [2008]; *see Sita v Long Is. Jewish-Hillside Med. Ctr.*, 22 AD3d 743 [2005]), and a hospital employee's undertaking the ministerial task of recording that consent does not transfer that duty to the hospital (*see Cirella v Central Gen. Hosp.*, 217 AD2d 680, 681 [1995]; *cf. Salandy v Bryk*, 55 AD3d at 152). The plaintiffs failed to raise a triable issue of fact as to whether the hospital actually undertook to obtain the injured plaintiff's informed consent (*see Raschel v Rish*, 110 AD2d 1067 [1985]; *cf. Salandy v Bryk*, 55 AD3d 147 [2008]).

Further, hospitals are "shielded from liability when its employees follow the orders of [a private] attending physician unless the latter's orders are so clearly contraindicated by normal practice that ordinary prudence requires inquiry into their correctness" (*Filippone v St. Vincent's Hosp. & Med. Ctr. of N.Y.*, 253 AD2d 616, 618 [1998] [citation omitted]; *see Toth v Community Hosp. at Glen Cove*, 22 NY2d 255, 265 n 3 [1968]; *Muniz v Katlowitz*, 49 AD3d at 513; *Soto v Andaz*, 8 AD3d 470, 471-472 [2004]). That was not the situation here (*see Schultz v Shreedhar*, 66 AD3d 666, 667 [2009]; *Toth v Bloshinsky*, 39 AD3d 848, 850 [2007]; *Cook v Reisner*, 295 AD2d 466, 467 [2002]). The plaintiffs did not raise a triable issue of fact as to whether Dr. Katz was an employee of Good Samaritan (*see Demming v Denk*, 48 AD3d 1207, 1209-1210 [2008]; *Davenport v County of Nassau*, 279 AD2d 497, 498-499 [2001]), or whether Good Samaritan was negligent in affording Dr. Katz privileges (*see Boone v North Shore Univ. Hosp. at Forest Hills*, 12 AD3d 338, 339 [2004]; *Sledziewski v Cioffi*, 137 AD2d 186, 189 [1988]).

The plaintiffs' remaining claims are without merit.

Accordingly, the Supreme Court properly granted Good Samaritan's motion for summary judgment dismissing the complaint insofar as asserted against it. Fisher, J.P., Dillon, Florio and Lott, JJ., concur.