■ CHARLES CORLETTA IV, Respondent, v EVA FISCHER et al., Appellants, et al., Defendants. [956 NYS2d 163]—

The Supreme Court properly denied the motion of the defendants Jayesh R. Mehta, Brijender Batra, and Pulmonary Consultants, P.C., doing business as Pulmonary Consultants, for summary judgment dismissing the complaint insofar as asserted against them. In opposition to those defendants' prima facie showing of their entitlement to judgment as a matter of law, the

plaintiff raised a triable issue of fact (*see Howard v Kennedy*, 60 AD3d 905, 906 [2009]).

However, the Supreme Court erred in denying the motion of the defendant Good Samaritan Hospital of Suffern, N.Y., Inc. (hereinafter the Hospital), for summary judgment dismissing the complaint insofar as asserted against it. "In general, a hospital cannot be held vicariously liable for the negligence of a private attending physician" (*Martinez v La Porta*, 50 AD3d 976, 977 [2008]; *see Hill v St. Clare's Hosp.*, 67 NY2d 72, 79 [1986]). Further, a hospital "cannot be held concurrently liable with such a physician unless its employees commit independent acts of negligence or the attending physician's orders are contraindicated by normal practice" (*Cerny v Williams*, 32 AD3d 881, 883 [2006]; *see Sela v Katz*, 78 AD3d 681, 683 [2010]; *Martinez v La Porta*, 50 AD3d at 977).

The Hospital established its prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff's decedent was referred to the Hospital by her private physician, and that the treatment of the plaintiff's decedent was performed at the Hospital by private attending physicians (*see Gardner v Brookdale Hosp. Med. Ctr.*, 73 AD3d 1124, 1124-1125 [2010]). Furthermore, the Hospital demonstrated, prima facie, that the Hospital staff did not commit any independent acts of negligence, and that no orders given by any of the private attending physicians were contraindicated by normal practice. In opposition, the plaintiff failed to raise a triable issue of fact (*see Schultz v Shreedhar*, 66 AD3d 666, 666-667 [2009]).

The Supreme Court also erred in denying that branch of the motion of the defendants Steven A. Klein, M.D., P.C., doing business as Healthmed Plus (hereinafter Healthmed Plus), Eva Fischer, and Anupama Pani (hereinafter collectively the Healthmed defendants), which was for summary judgment dismissing the complaint insofar as asserted against Fischer. In opposition to the Healthmed defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact as to the liability of Fischer (*see Ballek v Aldana-Bernier*, 100 AD3d 811 [2012]; *Bellafiore v Ricotta*, 83 AD3d 632, 633 [2011]; *Soto v Andaz*, 8 AD3d 470, 471 [2004]). However, the plaintiff raised triable issues of fact as to the liability of Pani and Healthmed Plus (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). Therefore, the Supreme Court properly denied that branch of the Healthmed defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Pani and Healthmed Plus.

The parties' remaining contentions either need not be ad-

dressed in light of our determination or are without merit. Rivera, J.P., Chambers, Hall and Lott, JJ., concur.