■ BARBARA BRADSHAW, Respondent, v LENOX HILL HOSPITAL et al., Appellants. [5 NYS3d 403]—

Order, Supreme Court, New York County (Joan B. Lobis, J.), entered April 18, 2013, which, to the extent appealed from, denied defendants' motion for summary judgment dismissing

plaintiff's medical malpractice claim against all defendants and plaintiff's lack of informed consent claim as against defendants Lenox Hill Hospital and Jeffrey Moses, M.D., unanimously affirmed, without costs.

In this medical malpractice action, plaintiff contends that defendant Veronica Daantje, a nurse employed by defendant Lenox Hill Hospital, departed from accepted medical practice by inserting a catheter into the femoral artery at too high a point, resulting in serious consequences, and that plaintiff did not give consent to have the procedure performed through a femoral puncture.

Although defendants made a prima facie showing that there was no departure from the standard of care and no causation, plaintiff raised an issue of fact by submitting expert affirmations opining that the catheter was inserted into the femoral artery in an incorrect position, as demonstrated by ultrasound imaging, and that there was evidence of retroperitoneal bleeding on CT scans resulting from the improper puncture (*see Cuevas v St. Luke's Roosevelt Hosp. Ctr.*, 95 AD3d 580, 580 [1st Dept 2012]). Plaintiff's experts further opined that Dr. Moses's failure to document the site of the puncture substantially contributed to plaintiff's resulting injuries by delaying appropriate vascular surgery that would have prevented the eventual femoral compression.

Defendants do not dispute that Lenox Hill may be vicariously liable for Daantje's negligence, and plaintiff raised issues of fact with respect to whether Lenox Hill is vicariously liable for the acts of Dr. Moses and the other employees of his professional corporation who treated plaintiff after Dr. Moses completed the catheterization procedure (*see Finnin v St. Barnabas Hosp.*, 306 AD2d 189 [1st Dept 2003]).

Defendants failed to make a prima facie showing that Dr. Moses sufficiently disclosed to plaintiff the risks, benefits, and alternatives of the procedure. The consent forms are missing the name of the physician who was to perform the procedure, and plaintiff and Dr. Moses offer differing descriptions of the type of catheter insertion plaintiff was to receive (*see Estate of Lawler v Mount Sinai Med. Ctr., Inc.*, 115 AD3d 620, 622 [1st Dept 2014]; *see also* Public Health Law § 2805-d [1], [3]). Given plaintiff's testimony that she told the nurse who was prepping plaintiff's groin for the procedure that access was to be through the radial artery at the wrist, and given plaintiff's claim that the disclosure form was insufficient, plaintiff also raised an issue of fact as to whether Lenox Hill should have known that informed consent was not obtained for the performed proce-

dure (*see Salandy v Bryk*, 55 AD3d 147, 152 [2d Dept 2008]). Concur—Gonzalez, P.J., Tom, Richter, Manzanet-Daniels and Kapnick, JJ.