■ Gary Doria et al., Respondents, v David L. Benisch, M.D., et al., Defendants, and Melville Surgery Center, LLC, Appellant. [14 NYS3d 95]—

In an action, inter alia, to recover damages for medical malpractice, etc., the defendant Melville Surgery Center, LLC, appeals from so much of an order of the Supreme Court, Suffolk County (Martin, J,), entered November 21, 2013, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Melville Surgery Center, LLC, for summary judgment dismissing the complaint insofar as asserted against it is granted.

Upon the referral of another physician, the plaintiff Gary Doria (hereinafter the injured plaintiff) sought treatment from the defendant physician David Benisch. After examining the plaintiff, Benisch recommended surgery. Benisch told the plaintiff that he would perform the surgery at the free-standing surgery center operated by Melville Surgery Center, LLC (hereinafter Melville), and the surgery was scheduled for the following week. Benisch explained the specific procedure he would perform, and obtained the injured plaintiff's written consent. The following week, Benisch, assisted by Melville's staff, performed the surgery. Although the surgery appeared to have gone well, complications developed later. The injured plaintiff, and his wife suing derivatively, commenced this action against Benisch and other physicians, various professional corporations, and Melville, alleging, among other things, medical malpractice and lack of informed consent. After discovery was completed, Melville moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court denied Melville's motion, and Melville appeals.

Generally speaking, a hospital may not be held vicariously liable for the negligence of a private attending physician chosen by the patient (see Tomeo v Beccia, 127 AD3d 1071, 1073 [2015]). Moreover, so long as the resident physicians and nurses employed by the hospital have merely carried out that private attending physician's orders, a hospital may not be held vicariously liable for resulting injuries (see Seiden v Sonstein, 127 AD3d 1158, 1160 [2015]). These rules will not, however, shield a hospital from liability in three situations. The first is when the private physician's orders "so greatly deviate from normal [medical] practice that the [hospital's employees] should be

held liable for failing to intervene" (*Bellafiore v Ricotta,* 83 AD3d 632, 633 [2011]). Put another way, a hospital may be held liable when the staff follows orders despite knowing "that the doctor's orders are so clearly contraindicated by normal practice that ordinary prudence requires inquiry into the correctness of the orders" (*Toth v Community Hosp. at Glen Cove,* 22 NY2d 255, 265 n 3 [1968]; *see France v Packy,* 121 AD3d 836, 837 [2014]; *see generally Fiorentino v Wenger,* 19 NY2d 407, 414-417 [1967]). Second, a hospital may be held liable when its employees have committed independent acts of negligence (*see Tomeo v Beccia,* 127 AD3d at 1073). Third, a hospital may be held liable for the negligence of a private, non-employee physician on a theory of ostensible or apparent agency (*see Sampson v Contillo,* 55 AD3d 588, 590 [2008]; *see generally Hill v St. Clare's Hosp.,* 67 NY2d 72, 80-81 [1986]).

With respect to a cause of action alleging lack of informed consent, "where a private physician attends his or her patient at the facilities of a hospital, it is the duty of the physician, not the hospital, to obtain the patient's informed consent" (*Salandy v Bryk,* 55 AD3d 147, 152 [2008]).

Here, Melville established its prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging medical malpractice and lack of informed consent insofar as asserted against it. Among other things, Melville established that Benisch was not its employee, and that the injured plaintiff chose Benisch as his private physician without knowing of any connection between him and Melville. Further, Melville established, prima facie, that none of Benisch's orders was so clearly contraindicated by standard medical practice that its employees had a duty to inquire as to their correctness before following them. Finally, Melville established, prima facie, that none of its employees committed any independent act of negligence (*see Barrocales v New York Methodist Hosp.,* 122 AD3d 648, 650 [2014]; *Corletta v Fischer,* 101 AD3d 929, 930 [2012]; *Sullivan v Sirop,* 74 AD3d 1326, 1328 [2010]). In opposition, the plaintiffs failed to raise a triable issue of fact in connection with either of these two causes of action.

Accordingly, the Supreme Court should have granted Melville's motion for summary judgment dismissing the causes of action alleging medical malpractice and lack of informed consent insofar as asserted against it. Inasmuch as the derivative causes of action do not exist independently of the injured plaintiff's causes of action, that branch of Melville's motion which was for summary judgment dismissing the derivative cause of action insofar asserted against it by the injured

plaintiff's wife should also have been granted (*see Klein v Metropolitan Child Servs., Inc.*, 100 AD3d 708, 711 [2012]). Balkin, J.P., Austin, Miller and Maltese, JJ., concur.