Cynamon v Mount Sinai Hosp. (2018 NY Slip Op 05448)





Cynamon v Mount Sinai Hosp.


2018 NY Slip Op 05448


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
ROBERT J. MILLER
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2016-02379
 (Index No. 23457/07)

[*1]Aaron Cynamon, et al., appellants, 
v
Mount Sinai Hospital, et al., respondents.


Pollack, Pollack, Isaac & De Cicco, LLP, New York, NY (Brian J. Isaac and Jillian Rosen of counsel), for appellants.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Judy C. Selmeci of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiffs appeal from an order of the Supreme Court, Kings County (Marsha L. Steinhardt, J.), dated January 27, 2016. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Mount Sinai Hospital.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The injured plaintiff, and his wife suing derivatively, commenced this action against two physicians, the medical practice that employed them, and Mount Sinai Hospital (hereinafter Mount Sinai), to recover damages for medical malpractice and lack of informed consent. The plaintiffs alleged that, during a colorectal surgery performed at Mount Sinai, the defendant physicians discovered that the originally planned procedure could not be completed, and performed a different procedure about which the injured plaintiff had not been informed. The plaintiffs also alleged that the defendants departed from good and accepted medical practice when, in the days following the surgery, they failed to administer post-operative antibiotics, which caused the surgical wound to become infected, necessitating a second surgery. The defendants moved for summary judgment dismissing the complaint. The Supreme Court, inter alia, granted that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against Mount Sinai. The plaintiffs appeal.
As a general matter, "under the doctrine of respondeat superior, a hospital may be held vicariously liable for the negligence or malpractice of its employees acting within the scope of employment, but not for negligent treatment provided by an independent physician, as when the physician is retained by the patient" (Seiden v Sonstein, 127 AD3d 1158, 1160; see Hill v St. Clare's Hosp., 67 NY2d 72, 79; Doria v Benisch, 130 AD3d 777, 777; Tomeo v Beccia, 127 AD3d 1071, 1073; Sita v Long Is. Jewish-Hillside Med. Ctr., 22 AD3d 743, 743). Where hospital staff, such as resident physicians and nurses, have participated in the treatment of the patient, the hospital may not be held vicariously liable for resulting injuries where the hospital employees merely carried out the private attending physician's orders (see Doria v Benisch, 130 AD3d at 777; Seiden v Sonstein, 127 [*2]AD3d at 1160). These rules shielding a hospital from liability do not apply when (1) "the staff follows orders despite knowing that the doctor's orders are so clearly contraindicated by normal practice that ordinary prudence requires inquiry into the correctness of the orders'" (Doria v Benisch, 130 AD3d at 777-778, quoting Toth v Community Hosp. at Glen Cove, 22 NY2d 255, 265 n 3); (2) the hospital's employees have committed independent acts of negligence (see Doria v Benisch, 130 AD3d at 778; Seiden v Sonstein, 127 AD3d at 1160; Tomeo v Beccia, 127 AD3d at 1073); or (3) the words or conduct of the hospital give rise to the appearance and belief that the physician possesses the authority to act on behalf of the hospital (see Sampson v Contillo, 55 AD3d 588, 590).
With respect to a cause of action predicated on lack of informed consent, "where a private physician attends his or her patient at the facilities of a hospital, it is the duty of the physician, not the hospital, to obtain the patient's informed consent" (Salandy v Bryk, 55 AD3d 147, 152; see Doria v Benisch, 130 AD3d at 778; Tomeo v Beccia, 127 AD3d at 1074; Sita v Long Is. Jewish-Hillside Med. Ctr., 22 AD3d at 743). It is only where the hospital knew or should have known that the private physician was acting or would act without the patient's informed consent that it may be held liable (see Tomeo v Beccia, 127 AD3d at 1074; Bradshaw v Lenox Hill Hosp., 126 AD3d 484, 485; Salandy v Bryk, 55 AD3d at 152; Sita v Long Is. Jewish-Hillside Med. Ctr., 22 AD3d at 743).
Here, Mount Sinai established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it. Mount Sinai established, prima facie, that private attending physicians were responsible for the entirety of the injured plaintiff's care before, during, and after the surgical procedure, and that a resident physician employed by Mount Sinai acted under the supervision and control of the private attending physicians. Mount Sinai further established, prima facie, that the orders of the private attending physicians, which did not include post-operative antibiotics, were not contraindicated, and that none of Mount Sinai's employees committed any independent acts of negligence. Finally, Mount Sinai established, prima facie, that there was no reason for it to know or suspect that the private attending physicians were acting or would act without the injured plaintiff's informed consent (see Doria v Benisch, 130 AD3d at 778; Tomeo v Beccia, 127 AD3d at 1073-1074; Sela v Katz, 78 AD3d 681, 683-684). The plaintiffs failed to raise a triable issue of fact in opposition.
Accordingly, we agree with the Supreme Court's granting of that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Mount Sinai.
LEVENTHAL, J.P., MILLER, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court