Dupree v Westchester County Health Care Corp. (2018 NY Slip Op 06000)





Dupree v Westchester County Health Care Corp.


2018 NY Slip Op 06000


Decided on September 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2016-06808
2016-10182
 (Index No. 58533/11)

[*1]Gregory P. Dupree, etc., et al., respondents,
v
Westchester County Health Care Corporation, et al., appellants, et al., defendant.


Vigorito, Barker, Porter & Patterson, LLP, Valhalla, NY (Leilani Rodriguez of counsel), for appellants.
Warren J. Bennia, New York, NY, for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and wrongful death, the defendants Westchester County Health Care Corporation and Westchester Medical Center appeal from (1) an order of the Supreme Court, Westchester County (Lawrence H. Ecker, J.), dated April 6, 2016, and (2) an order of the same court dated September 19, 2016. The order dated April 6, 2016, insofar as appealed from, denied the motion of those defendants for summary judgment dismissing the complaint insofar as asserted against them. The order dated September 19, 2016, denied the motion of those defendants for leave to renew their prior motion for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order dated April 6, 2016, is affirmed insofar as appealed from; and it is further,
ORDERED that the order dated September 19, 2016, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
On August 13, 2010, Imelda Dupree (hereinafter the decedent) was admitted to the defendant Westchester Medical Center (hereinafter WMC) for a deceased donor kidney transplant. The defendant Caroline Rochon performed the transplant surgery. On August 14 and 15, 2010, the decedent was treated by an attending nephrologist, nonparty Matthew Plotkin. On August 16 and 17, 2010, the decedent was treated by another attending nephrologist, nonparty Nandita Singh. The decedent did not receive dialysis on August 14, 15, or 16, 2010. It is undisputed that the final decision of whether to administer dialysis is made by the attending nephrologist. On August 17, 2010, the decedent became unresponsive on her way to receive dialysis. Intubation proved to be difficult, and the decedent was subsequently diagnosed with an anoxic brain injury. The decedent never regained consciousness and passed away on September 14, 2010.
The plaintiffs commenced this action against WMC and the defendant Westchester County Health Care Corporation (hereinafter together the hospital defendants), as well as Rochon [*2]and other individual defendants, seeking, inter alia, to recover damages for medical malpractice and wrongful death. The plaintiffs alleged, among other things, that the defendants were negligent in failing to timely administer dialysis, which ultimately led to the decedent's death.
After the completion of discovery, the action was discontinued against four of the individual defendants. The remaining defendants, the hospital defendants and Rochon, separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court granted Rochon's motion, and denied the hospital defendants' motion. The hospital defendants then moved for leave to renew their prior motion for summary judgment dismissing the complaint insofar as asserted against them. The court denied the hospital defendants' motion for leave to renew. The hospital defendants appeal.
"In general, a hospital may not be held vicariously liable for the malpractice of a private attending physician who is not an employee" (Toth v Bloshinsky, 39 AD3d 848, 850; see Corletta v Fischer, 101 AD3d 929, 930). Therefore, when hospital employees, such as resident physicians and nurses, have participated in the treatment of a patient, the hospital may not be held vicariously liable for resulting injuries where the hospital employees have merely carried out the private attending physician's orders (see Doria v Benisch, 130 AD3d 777, 777; Seiden v Sonstein, 127 AD3d 1158, 1160). These rules shielding a hospital from liability do not apply when: (1) "the staff follows orders despite knowing that the doctor's orders are so clearly contraindicated by normal practice that ordinary prudence requires inquiry into the correctness of the orders'" (Doria v Benisch, 130 AD3d at 777-778, quoting Toth v Community Hosp. at Glen Cove, 22 NY2d 255, 265 n 3); (2) the hospital's employees have committed independent acts of negligence (see Doria v Benisch, 130 AD3d at 778; Seiden v Sonstein, 127 AD3d at 1160; Tomeo v Beccia, 127 AD3d 1071, 1073); or (3) the words or conduct of the hospital give rise to the appearance and belief that the physician possesses the authority to act on behalf of the hospital (see Sampson v Contillo, 55 AD3d 588, 590). "Thus, in order to establish its entitlement to judgment as a matter of law defeating a claim of vicarious liability, a hospital must demonstrate that the physician alleged to have committed the malpractice was an independent contractor and not a hospital employee'" (Muslim v Horizon Med. Group, P.C., 118 AD3d 681, 683, quoting Alvarado v Beth Israel Med. Ctr., 78 AD3d 873, 875) and that an "exception to the general rule [does] not apply" (Rizzo v Staten Is. Univ. Hosp., 29 AD3d 668, 668-669).
The hospital defendants failed to establish, prima facie, that both physicians alleged to have committed malpractice, the two attending nephrologists, were independent contractors, and not employed by WMC. Given the hospital defendants' failure to establish that Plotkin was not employed by WMC, the hospital defendants needed to establish either that Plotkin was not negligent or that his negligence was not a proximate cause of the decedent's injuries (see Lormel v Macura, 113 AD3d 734, 735). The hospital defendants failed to make the requisite showing. The hospital defendants' expert failed to specify the acceptable standards of medical care applicable to transplant nephrologists, and failed to explain how the attending nephrologist did not deviate from those standards (see Ross-Germain v Millennium Med. Servs., P.C., 144 AD3d 658, 659-660; Kaous v Lutheran Med. Ctr., 138 AD3d 1065, 1067). Additionally, in light of a notation in WMC's medical records indicating that the decedent was to receive dialysis on August 14, 2010, the hospital defendants did not eliminate all triable issues of fact as to whether they failed to carry out a direction that was not clearly contraindicated by normal practice. Since the hospital defendants failed to meet their initial burden, the sufficiency of the plaintiffs' opposition papers need not be reviewed (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][3]). "While it may be within the court's discretion to grant leave to renew upon facts known to the moving party at the time of the prior motion, a motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (Byun Sik Chu v Kerrigan, 154 AD3d 731, 732 [citations omitted]). Thus, the court "lacks discretion to grant renewal where the moving party omits a reasonable justification for failing to present the new facts on the original motion" (Sobin v Tylutki, 59 AD3d 701, 702; see Worrell v Parkway Estates, LLC, [*3]43 AD3d 436).
The Supreme Court properly denied the hospital defendants' motion for leave to renew their prior motion for summary judgment dismissing the complaint insofar as asserted against them. The hospital defendants presented no reasonable justification for failing to submit the purportedly new evidence when they previously moved for the same relief.
DILLON, J.P., LEVENTHAL, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court