Emerson v Health (2023 NY Slip Op 03612)

Emerson v Health

2023 NY Slip Op 03612

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, BANNISTER, AND OGDEN, JJ.

410 CA 22-00639

[*1]BETSEY H. EMERSON AND DOUGLAS E. EMERSON, PLAINTIFFS-APPELLANTS,
v
KALEIDA HEALTH, ALSO KNOWN AS BUFFALO GENERAL HOSPITAL, DEFENDANT-RESPONDENT. (APPEAL NO. 1.) 

LAW OFFICE OF J. MICHAEL HAYES, BUFFALO (J. MICHAEL HAYES OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
CONNORS LLP, BUFFALO (BRYAN P. KROETSCH OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered March 31, 2022. The order granted the motion of defendant for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: These appeals arise from two consolidated medical malpractice actions in which plaintiffs seek damages under several legal theories for, inter alia, injuries allegedly arising after Kenneth A. Krackow, M.D. (Dr. Krackow) performed a double knee replacement surgery upon Betsey H. Emerson (plaintiff). Unbeknownst to plaintiff, Dr. Krackow had been diagnosed with Alzheimer's disease prior to the surgery. In appeal No. 1, plaintiffs appeal from an order in action No. 2 that granted the motion of defendant Kaleida Health, also known as Buffalo General Hospital (Kaleida), for summary judgment dismissing the complaint and any cross-claims against it. In appeal No. 2, plaintiffs appeal from an order in action No. 1 that granted in part the motion of defendant Gretchen Krackow, as attorney in fact for Dr. Krackow, and defendant University Orthopaedic Services, Inc. (University Orthopaedic) (collectively, defendants) for summary judgment dismissing the complaint and any cross-claims against them and, inter alia, dismissed the cause of action for lack of informed consent and the claims of medical malpractice premised on Dr. Krackow's Alzheimer's diagnosis.
Taking appeal No. 2 first, we reject plaintiffs' contention that Supreme Court erred in granting defendants' motion with respect to the medical malpractice claim against them premised on Dr. Krackow's Alzheimer's disease. Defendants had " 'the burden of establishing, prima facie, that [Dr. Krackow] did not deviate from [the] good and accepted standard[] of . . . care, or that any such deviation was not a proximate cause of the plaintiff's injuries' " (Culver v Simko, 170 AD3d 1599, 1600 [4th Dept 2019]). Here, defendants met their initial burden on their motion with respect to claims premised on Dr. Krackow's Alzheimer's disease by submitting the affirmation of an expert who opined that, even assuming that Dr. Krackow was impaired physically or mentally as a result of Alzheimer's disease, such impairment did not affect the outcome of the surgery and did not result in any injury to plaintiff. Contrary to plaintiffs' contention, the affirmation of defendants' expert is not wholly conclusory or speculative, or without any basis in the record (see generally Occhino v Fan, 151 AD3d 1870, 1871 [4th Dept 2017]).
Thus, because defendants met their burden on proximate cause relating to the allegations of Dr. Krackow's Alzheimer's condition, the burden shifted to plaintiffs to raise triable issues of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324-325 [1986]). Here, the affidavit of [*2]plaintiffs' expert in opposition to the motion failed to establish that Dr. Krackow's Alzheimer's condition impacted the surgery and caused plaintiff's injuries. Thus, the court properly granted defendants' motion with respect to that claim (cf. Thompson v Hall, 191 AD3d 1265, 1267 [4th Dept 2021]).
We also reject plaintiffs' contention that the court erred in granting defendants' motion with respect to the cause of action for lack of informed consent for the surgical procedure. It is well settled that, in order "[t]o succeed in a medical malpractice cause of action premised on lack of informed consent, a plaintiff must demonstrate that (1) the practitioner failed to disclose the risks, benefits and alternatives to the procedure or treatment that a reasonable practitioner would have disclosed and (2) a reasonable person in the plaintiff's position, fully informed, would have elected not to undergo the procedure or treatment" (Orphan v Pilnik, 15 NY3d 907, 908 [2010]). Here, defendants met their initial burden of establishing their entitlement to judgment as a matter of law with respect to the claim of lack of informed consent by submitting deposition testimony and medical records demonstrating that Dr. Krackow informed plaintiff of the reasonably foreseeable risks associated with the surgery, confirmed that she understood those risks, and obtained her written consent (see Thompson, 191 AD3d at 1266). Plaintiffs failed to raise an issue of fact in opposition (see id.; see generally Abram v Children's Hosp. of Buffalo, 151 AD2d 972, 972 [4th Dept 1989], lv dismissed 75 NY2d 865 [1990]).
In appeal No. 1, we reject plaintiffs' contention that the court erred in granting Kaleida's motion for summary judgment dismissing the complaint against it. Kaleida met its prima facie burden with respect to whether Dr. Krackow's Alzheimer's condition was a cause of plaintiff's injuries by submitting an expert affidavit and incorporating by reference the expert affirmation submitted by defendants in support of their motion, both of which established that there was no indication that Dr. Krackow's Alzheimer's disease impacted the surgery in any way or caused plaintiff's injuries. Moreover, Kaleida's expert averred that, based on his review of the post-operative notes, he saw no indication that Dr. Krackow lacked competency to practice medicine. Thus, Kaleida met its prima facie burden of establishing that Dr. Krackow's Alzheimer's condition did not cause plaintiff's injuries, thereby shifting the burden to plaintiffs to demonstrate a triable issue of fact (see generally Ziemendorf v Chi, 207 AD3d 1157, 1157-1158 [4th Dept 2022]; Isensee v Upstate Orthopedics, LLP, 174 AD3d 1520, 1521 [4th Dept 2019]). We conclude that plaintiffs failed to raise a triable issue of fact (see generally Alvarez, 68 NY2d at 325).
We further conclude that Kaleida met its prima facie burden with respect to the cause of action for lack of informed consent inasmuch as Kaleida established that Dr. Krackow was not an employee of Kaleida, but a private retained doctor performing a previously scheduled surgery, and " 'where a private physician attends his or her patient at the facilities of a hospital, it is the duty of the physician, not the hospital, to obtain the patient's informed consent' " (Doria v Benisch, 130 AD3d 777, 778 [2d Dept 2015]; see generally Pasek v Catholic Health Sys., Inc., 195 AD3d 1381, 1381-1382 [4th Dept 2021]). Plaintiffs failed to raise a question of fact with respect to that issue (see generally Alvarez, 68 NY2d at 325).
We conclude that plaintiffs' remaining contentions are without merit.
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court