■ JOSEPH WILLIAMS, as Administrator of the Estate of JOSEPHINE WILLIAMS, Deceased, Respondent, v STANLEY SHAPIRO, Defendant, and TERRACE HEIGHTS HOSPITAL, Appellant.—In a medical malpractice action, the defendant hospital appeals from so much of an order of the Supreme Court, Queens County, dated February 23, 1978, as granted plaintiff's motion for a protective order striking Items Nos. 8, 9 and 17 of its demand for a bill of

particulars. Order modified by deleting therefrom the provision which granted the. motion as to Item No. 17 and substituting therefor a provision denying the motion as to said item. As so modified, order affirmed insofar as appealed from, with $50 costs and disbursements to plaintiff. Plaintiff's time to serve a bill of particulars as to Item No. 17 is extended until 20 days after service upon him of a copy of the order to be entered hereon, together with notice of entry thereof. The items which were properly stricken request information which is not expressly authorized by CPLR 3043 and is evidentiary in nature (see, e.g., *Cirelli v Victory Mem. Hosp.,* 45 AD2d 856). Moreover, Items Nos. 8 and 9 of the defendant hospital's demand for a bill of particulars are identical to items stricken as improper in *Venezia v Klinger* (61 AD2d 1145) and *Patterson v Jewish Hosp. & Med. Center of Brooklyn* (94 Misc 2d 680). Item No. 17 of the demand, which requests the Social Security number of plaintiff's intestate, is allowed. This request is certainly not burdensome, bears some relation to evidence of collateral source payments (see CPLR 4010), and is not specifically resisted by plaintiff. Mollen, P. J., O'Connor, Rabin and Gulotta, JJ., concur.