■ WILLIAM TOTH, JR., Appellant, v MARVIN B. BLOSHINSKY et al., Respondents. [835 NYS2d 301]—

In an action to recover damages for medical malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated November 30, 2005, which granted the motion of the defendants Marvin B. Bloshinsky, Belinda Rubino, and Professional Obs-Gyn of Orange County, LLP, sued herein as Orange OBS-GYN Associates, LLP, for an order of preclusion to the extent of directing the plaintiff to provide additional, more detailed, bills of particulars, and (2) an order of the same court, also dated November 30, 2005, which granted the motion of the defendant Arden Hill Hospital for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order dated November 30, 2005, granting the motion of the defendants Marvin B. Bloshinsky, Belinda Rubino, and Professional Obs-Gyn of Orange County, LLP, sued herein as Orange OBS-GYN Associates, LLP, for an order of preclusion to the extent of directing the plaintiff to provide additional, more detailed, bills of particulars, is reversed, on the law, and the motion for an order of preclusion is denied; and it is further,

Ordered that the order dated November 30, 2005, granting the motion of the defendant Arden Hill Hospital for summary judgment dismissing the complaint insofar as asserted against it is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff payable by the defendants Marvin B. Bloshinsky, Belinda Rubino, and Professional Obs-Gyn of Orange County, LLP, sued herein as Orange OBS-GYN Associates, LLP, and one bill of costs is awarded to the defendant Arden Hill Hospital payable by the plaintiff.

This action was commenced on behalf of the infant plaintiff to recover damages for alleged medical malpractice committed in connection with his birth at the defendant Arden Hill Hospital (hereinafter the defendant hospital). The birth allegedly was managed by the defendants Marvin B. Bloshinsky, Belinda Rubino, and Professional Obs-Gyn of Orange County, LLP, sued herein as Orange OBS-GYN Associates, LLP (hereinafter referred to collectively as the defendant practice). The defendant practice, insofar as relevant to this appeal, was comprised of a private physician and a nurse midwife not employed by the defendant hospital. The defendant practice moved for an order of preclusion, arguing that the plaintiff had failed to provide adequate bills of particulars. The defendant hospital moved for summary judgment dismissing the complaint insofar as asserted against it, arguing that it could not be held either vicariously or concurrently liable for the damages alleged. The Supreme Court granted the motion of the defendant practice to the extent of directing the plaintiff to provide additional, more detailed, bills of particulars, and granted the defendant hospital's motion for summary judgment dismissing the complaint insofar as asserted against it.

The purpose of a bill of particulars is to amplify pleadings, limit proof, and prevent surprise at trial, not to provide evidentiary material (*see Moran v Hurst*, 32 AD3d 909 [2006]; *Grcic v Peninsula Hosp. Ctr.*, 110 AD2d 625 [1985]; *Cirelli v Victory Mem. Hosp.*, 45 AD2d 856 [1974]). It must provide a general statement of the acts or omissions constituting the alleged negligence (*see Kaplan v Rosiello*, 16 AD3d 626 [2005]). There is no need for a plaintiff to set forth the manner in which the physician failed to act in accordance with good and accepted medical practice, since a physician is chargeable with knowing those medically accepted standards applicable to the proper care and treatment of the plaintiff (*see Dellaglio v Paul*, 250 AD2d 806 [1998]). Here, the plaintiff's bills of particulars satisfied this standard (*cf. DeNicola v Mary Immaculate Hosp.*, 272 AD2d

505 [2000]). Accordingly, the Supreme Court should have denied the motion of the defendant practice for an order of preclusion in its entirety.

In general, a hospital may not be held vicariously liable for the malpractice of a private attending physician who is not an employee, and may not be held concurrently liable unless its employees committed independent acts of negligence or the attending physician's orders were contraindicated by normal practice such that ordinary prudence required inquiry into the correctness of the same (*see Cerny v Williams*, 32 AD3d 881 [2006]; *Cook v Reisner*, 295 AD2d 466 [2002]; *Woodard v LaGuardia Hosp.*, 282 AD2d 529 [2001]). Here, in support of its motion for summary judgment, the defendant hospital demonstrated, prima facie, that it neither committed independent acts of negligence nor followed orders of the private defendant practice that were contraindicated by normal practice such that ordinary prudence required inquiry into the correctness of the same. In opposition, the plaintiff failed to raise a triable issue of fact. Thus, the Supreme Court properly granted the defendant hospital's motion. Miller, J.P., Ritter, Covello and McCarthy, JJ., concur.