■ MICHAEL MAHR et al., Respondents, v MANUEL PERRY et al., Appellants, et al., Defendants. [903 NYS2d 148]—In an action to recover damages for medical malpractice, etc., the defendants Manuel Perry, Angela Krisel, Pamela Murphy, Robert Dinsmore, and Crystal Run Healthcare, LLP, appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Weiner, J.), dated September 18, 2009, as denied that branch of their motion which was to compel the plaintiffs to serve an amended bill of particulars, and (2) from an order of the same court entered September 15, 2009, which denied their application to compel the plaintiffs to provide authorizations compliant with the Health Insurance Portability and Accountability Act of 1996 (42 USC § 1320d *et seq.*) as to nonparties Ronald Roshe, Zurich Insurance Company, and Empire Health Choice, and to provide "law firm specific," rather than "attorney specific," authorizations pursuant to *Arons v Jutkowitz* (9 NY3d 393 [2007]).

Ordered that the order dated September 18, 2009, is affirmed insofar as appealed from; and it is further,

Ordered that on the Court's own motion, the notice of appeal from the order entered September 15, 2009, is treated as an application for leave to appeal from that order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order entered September 15, 2009, is affirmed; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

Contrary to the appellants' contention, the plaintiffs' bill of particulars, with respect to demand number five, was as responsive as the presently available level of information permitted, stated that they did not presently have the information requested, and set forth that the plaintiffs would provide further information upon completion of disclosure (*see Berger v Feinerman*, 203 AD2d 407 [1994]; *Brynes v New York Hosp.*, 91 AD2d 907 [1983]). The plaintiffs' response to demand number five also apprised the appellants "of an adequate number of claimed negligent acts of commission or omission" (*Benn v O'Daly*, 202 AD2d 464, 465 [1994]), and set forth the condition or conditions that the appellants failed to diagnose and improperly treated or failed to treat (*cf. Caudy v Rivkin*, 109 AD2d 725, 726 [1985]).

The appellants' objections to the plaintiffs' responses to demands number 4, 14, 18, and 19 are without merit, since none of the information sought in those demands is expressly authorized under CPLR 3043 (*see Feraco v Long Is. Jewish-Hillside Med. Ctr.*, 97 AD2d 498 [1983]; *Williams v Shapiro*, 67 AD2d 706 [1979]; *Johnson v Charow*, 63 AD2d 668 [1978]).

The appellants' objections to the plaintiffs' responses to demands number 3, 8, and 10 are also without merit. The plaintiffs properly objected to each of these demands, as they improperly sought evidentiary material (*see Toth v Bloshinsky*, 39 AD3d 848, 849 [2007]; *Benn v O'Daly*, 202 AD2d at 465). Demand 8 also was improper on the ground that it sought to compel the plaintiffs to "set forth the manner in which the physician failed to act in accordance with good and accepted medical practice," which is knowledge "a physician is chargeable with knowing" (*Toth v Bloshinsky*, 39 AD3d at 849; *see Dellaglio v Paul*, 250 AD2d 806 [1998]).

The appellants' remaining contentions are without merit. Mastro, J.P., Covello, Belen and Hall, JJ., concur.