[908 NYS2d 537]

Romana Akalski et al., Plaintiffs, v Cheryl Counsell et al., Defendants.

Supreme Court, Westchester County, September 21, 2010

## APPEARANCES OF COUNSEL

*Garson DeCorato & Cohen, LLP*, New York City (*Yat Fai Lau* of counsel), for Kyle Lipton, M.D., defendant. *Meagher & Meagher, P.C.*, White Plains (*Bruce W. Slane* of counsel), for plaintiffs.

## OPINION OF THE COURT

ALAN D. SCHEINKMAN, J.

Motion by defendant Kyle Lipton for an order (1) pursuant to CPLR 3124, compelling plaintiffs to provide medical authorizations as requested by defendants which are compliant with both HIPAA (Health Insurance Portability and Accountability Act of 1996, codified in part at 42 USC § 1320d *et seq.*) and *Arons v Jutkowitz* (9 NY3d 393 [2007]), and permitting movant's counsel to interview plaintiff's treating physicians, or in the alternative, (2) pursuant to CPLR 3042 and 3126, precluding plaintiffs from offering proof at trial, and (3) pursuant to 22 NYCRR 130-1.1, imposing costs and sanctions upon plaintiffs for their deliberate failure to comply with movant's discovery demand.

It is ordered that the motion is decided as follows:

In this medical malpractice action, defendant Kyle Lipton, M.D. requested that plaintiff Romana Akalski provide authorizations which were compliant with both HIPAA and *Arons*, and valid for the duration of the litigation. Plaintiffs objected to the request on the ground that a single authorization would violate HIPAA and *Arons*.

In support of the present motion, movant contends that he is entitled to a single HIPAA and *Arons* compliant authorization as to each of plaintiff's treating physicians, so that he may conduct private interviews of the treating physicians. At oral argument, movant also contended that an *Arons* authorization need not identify a specific attorney who would be interviewing the treating physician and may identify a law firm, such that any attorney from the law firm could conduct the interview. Movant further contends that without an interview of plaintiff's treating physicians, he will be unable to prepare a meaningful defense.

Plaintiffs oppose the motion to the extent that movant seeks a single authorization which is both HIPAA and *Arons* compli-

ant. Plaintiffs note that while a HIPAA authorization requires medical institutions and physicians to provide medical records, an *Arons* authorization permits, but does not require, plaintiff's treating physicians to give an interview to defense counsel. Accordingly, plaintiffs contend that the authorizations may not be combined since an *Arons* authorization relates only to treating physicians and not to medical institutions. Plaintiffs assert that the combined authorizations which movant is seeking would force plaintiffs to provide *Arons* authorizations for medical institutions, as opposed to individual physicians, in contravention of the Court of Appeals holding in *Arons*. Plaintiffs also object to the requested authorizations insofar as the authorizations are firm-specific and do not identify the individual attorney who will be interviewing plaintiff's treating physicians as required by *Arons*, thus allowing multiple attorneys and non-attorneys from movant's firm to repeatedly interview the physicians. During oral argument, plaintiffs also raised the issue of the timing of the authorizations, and objected to being required to provide an *Arons* authorization before the filing of the note of issue. Plaintiffs noted that the Court of Appeals did not address the issue of timing in *Arons* insofar as the interviews sought therein were post-note of issue.

Article 31 of the CPLR permits liberal discovery of all matters that are material and necessary to the prosecution or defense of an action (CPLR 3101 [a]). The determination of what is "material and necessary" is within the sound discretion of the court, using usefulness and reason as its guide (*Andon v 302-304 Mott St. Assoc.*, 94 NY2d 740 [2000]). In *Arons v Jutkowitz* (9 NY3d 393 [2007]), the Court of Appeals held that there was no general prohibition against defense counsel conducting an ex parte interview with a nonparty physician who treated plaintiff, provided that counsel complied with the HIPAA Privacy Rule (45 CFR parts 160, 164) and certain limitations set forth in analogous case law concerning interviews. Those limitations on the authorizations referred to in *Arons* include notice to the physician to be interviewed that the purpose of the interview is to assist the defendants in defense of a lawsuit, and that his or her participation is voluntary (*Porcelli v Northern Westchester Hosp. Ctr.*, 65 AD3d 176, 185 [2d Dept 2009]).

The HIPAA Privacy Rule, as noted in *Arons*, forbids organizations subject to its requirements from using or disclosing an individual's health information except as mandated or permitted by its provisions, including disclosure in response to a valid

authorization (45 CFR 164.508 [a]). The HIPAA Privacy Rule further provides that an authorization must identify those persons authorized to make and receive the requested disclosure and contain an expiration date or event (45 CFR 164.508 [c] [1], [2]). While it is well known that a HIPAA compliant authorization seeking medical records may be directed to medical institutions and individual physicians (HIPAA OCA Official Form No.: 960), the Court of Appeals in *Arons* specifically addressed the propriety and necessary procedure to be followed by defense counsel in order to interview plaintiff's treating physicians. Moreover, the Court of Appeals in *Arons* specifically noted that it did not take issue with those portions of the Supreme Court orders on the appeals before it to the extent that the courts "required defense counsel to identify themselves and their interest, to limit their inquiries to the condition at issue, and to advise physicians that they need not comply with the request for an interview" (*Arons,* 9 NY3d at 416 n 6). To that end, the Office of Court Administration, in response to *Arons,* created a separate form from the HIPAA authorization, entitled "Authorization to Permit Interview of Treating Physician by Defense Counsel" (UCS-575 [2/08] [hereinafter *Arons* authorization]). The *Arons* authorization is addressed to an individual physician and includes notices not required in the HIPAA authorization, but required in the *Arons* context (*see Porcelli v Northern Westchester Hosp. Ctr.,* 65 AD3d 176 [2009]), including notices that the interview is being sought to assist defendant in the defense of a lawsuit by the patient, the authorization is not at the request of the patient, and the interview is entirely voluntary. In contrast, the HIPAA authorization states that the authorization is a voluntary request by the patient for the release of their health information, including medical records, and permitting the discussion of health information with their attorney or a governmental agency named by the patient. Accordingly, since the HIPAA and *Arons* authorizations seek different discovery and contain different notices, movant's contention that the authorizations may be combined is without merit.

Similarly, the court finds movant's contention that an *Arons* authorization may identify a law firm to conduct the interview, as opposed to an individual attorney, is also without merit. As to the identity of the person authorized to request the disclosure, the Court of Appeals in *Arons* stated that "we 'assume[ ] that attorneys would make their identity and interest known to interviewees and comport themselves ethically' " (9 NY3d at 410,

quoting *Niesig v Team I*, 76 NY2d 363, 376 [1990]). As noted earlier, the Court of Appeals also stated that "[w]e take no issue with those portions of the *Arons* and *Kish* orders that required defense counsel to identify themselves and their interest" (9 NY3d at 416 n 6). Subsequently, the Appellate Division, Second Department, in *Mahr v Perry* (74 AD3d 1030, 1030 [2d Dept 2010]), affirmed the denial of a motion seeking to compel plaintiff to provide "law firm specific," rather than "attorney specific," authorizations pursuant to *Arons*. Plaintiffs, therefore, correctly objected to movant's request for an authorization insofar as it did not identify the specific attorney who would be conducting the interview.

Plaintiffs' objection as to the timing of the *Arons* authorization, however, is without merit. Although the Court of Appeals in *Arons* considered the request for an authorization to interview a treating physician which was made after the plaintiff filed a note of issue, and it may be that such interviews are usually conducted post-note of issue (*see Tirado v Miller*, 75 AD3d 153 [2d Dept 2010]), the courts have held that ex parte interviews of plaintiff's treating physician may occur, and are preferred, prior to the filing of the note of issue (*Shefer v Tepper*, 73 AD3d 447 [1st Dept 2010]; *Probala v Rian Holding Co., LLC*, 26 Misc 3d 1201[A], 2009 NY Slip Op 52614[U] [Sup Ct, NY County 2009]). Notably, in *Arons*, the Court of Appeals acknowledged that "the filing of a note of issue denotes the completion of discovery, not the occasion to launch another phase of it" (9 NY3d at 411), and expressed a preference that such interviews should occur prior to the filing of the note of issue. Indeed, the Court of Appeals noted that, if the interviews could not be conducted until after the note of issue was filed, if a treating physician refuses to talk with an attorney, it would normally be too late to seek the physician's deposition or interrogatories as an alternative (9 NY3d at 411). The Court approvingly quoted from Justice Elizabeth Pine's dissenting opinion in *Kish v Graham* (40 AD3d 118, 129 [4th Dept 2007]), a case which was decided along with *Arons* and which was reversed by the Court of Appeals, to the effect that an advantage to a physician in participating in an informal interview was that the physician might avoid having to attend a lengthy deposition or provide a time-consuming response to detailed and lengthy interrogatories (9 NY3d at 409), alternatives that are only generally available pre-note of issue.

In view of the foregoing, it is ordered that the branch of the motion seeking to compel plaintiffs to provide authorizations is

granted to the extent that plaintiffs are directed to provide to movant, within 10 days of entry of this order: (1) HIPAA authorizations for plaintiff Romana Akalski's medical providers, including physicians and medical institutions, for medical records, and (2) *Arons* authorizations for plaintiff Romana Akalski's treating physicians to appear for an ex parte interview by movant's counsel, who shall be selected by movant and whose identity shall be set forth in the authorization; and it is further ordered that the remaining branches of the motion are denied.