■ Francisco Contreras, Respondent, v Babatunde Adeyemi et al., Appellants, et al., Defendant. [958 NYS2d 430]—

In an action, inter alia, to recover damages for medical malpractice, the defendants Babatunde Adeyemi, Arvind Hazari, and Wyckoff Heights Medical Center each separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated September 22, 2011, as denied their separate motions for summary judgment dismissing the complaint and any cross claims insofar as asserted against each of them.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff commenced this medical malpractice action al-

leging, inter alia, that the defendant Wyckoff Heights Medical Center (hereinafter the hospital), and the defendant physicians Babatunde Adeyemi and Arvind Hazari (hereinafter collectively the appellants), were negligent in failing to timely diagnose and treat his appendicitis. The Supreme Court denied the appellants' separate motions for summary judgment dismissing the complaint and any cross claims insofar as asserted against each of them.

To establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted standards of practice, and that such departure was a proximate cause of the plaintiff's injuries (*see Stukas v Streiter*, 83 AD3d 18, 23 [2011]; *see also Gillespie v New York Hosp. Queens*, 96 AD3d 901 [2012]; *Swanson v Raju*, 95 AD3d 1105, 1106 [2012]; *Heller v Weinberg*, 77 AD3d 622 [2010]). A defendant physician moving for summary judgment dismissing a complaint alleging medical malpractice must establish, prima facie, either that there was no departure from good and accepted medical practice or that the plaintiff was not injured thereby (*see Stukas v Streiter*, 83 AD3d at 24; *see also Gillespie v New York Hosp. Queens*, 96 AD3d at 902; *Swanson v Raju*, 95 AD3d at 1106; *Heller v Weinberg*, 77 AD3d at 622-623). Once a defendant has made such a showing, the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact (*see Stukas v Streiter*, 83 AD3d at 24; *see also Gillespie v New York Hosp. Queens*, 96 AD3d at 902; *Heller v Weinberg*, 77 AD3d at 623). In order to defeat a defendant's motion for summary judgment, a plaintiff must only rebut the defendant's prima facie showing (*see Stukas v Streiter*, 83 AD3d at 30; *see also Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Summary judgment is not appropriate where the parties adduce conflicting medical expert opinions, as such issues of credibility can only be resolved by a jury (*see Hayden v Gordon*, 91 AD3d 819, 821 [2012]; *Bengston v Wang*, 41 AD3d 625, 626 [2007]; *Feinberg v Feit*, 23 AD3d 517, 519 [2005]).

Here, the appellants established their prima facie entitlement to judgment as a matter of law through expert evidence that they did not depart from good and accepted medical practice and that, in any event, the plaintiff was not injured by any such departure. In opposition, the plaintiff raised triable issues of fact by submitting the affidavit of a medical expert who opined, inter alia, that surgical intervention, which should have been provided on an emergent basis, was delayed as a result of the appellants' departures from good and accepted medical practice, and that the delay was a proximate cause of, and/or substantial contributing factor to, the plaintiff's claimed injuries.

The plaintiff's expert opined, inter alia, that Adeyemi departed from good and accepted medical practice in failing to complete a thorough clinical examination of the plaintiff, in ignoring several signs and/or symptoms of an acute or perforated appendix, and in failing to conduct additional and/or different tests. The plaintiff's expert also opined that Hazari departed from good and accepted medical practice in delaying treatment despite the fact that the plaintiff had an acute abdomen and was suffering from a ruptured appendix and chemical peritonitis. Additionally, the plaintiff's expert opined that the offsite radiologist who originally interpreted the plaintiff's CT scan, which was taken at the hospital, departed from good and accepted medical practice in failing to diagnose the true nature of the plaintiff's condition. According to the plaintiff's expert, the departures of the appellants individually and together in the treatment and diagnosis of the plaintiff led to a delay in the plaintiff's surgery, and were a proximate cause or substantial contributing factor to the plaintiff's injuries.

Contrary to the hospital's contention, the plaintiff did not improperly, for the first time in opposition to the hospital's motion, assert a new theory that the hospital should be held liable for the actions of the nonparty, off-site radiologist. The Supreme Court properly determined that this theory was included in the plaintiff's bill of particulars, the purpose of which is "to amplify the pleadings, limit the proof, and prevent surprise at trial" (*Jurado v Kalache*, 93 AD3d 759, 760 [2012] [internal quotation marks omitted]). A bill of particulars in a medical malpractice action "must provide a general statement of the acts or omissions constituting the alleged negligence" (*Toth v Bloshinsky*, 39 AD3d 848, 849 [2007]; *see* CPLR 3043 [a] [3]; *Kaplan v Rosiello*, 16 AD3d 626 [2005]). The plaintiff's bill of particulars satisfied this standard and sufficiently apprised the hospital of the plaintiff's claim that the hospital was liable for the radiologist's failure to timely and/or properly interpret the CT scan.

Further, the hospital failed to establish, prima facie, that it was not vicariously liable for the acts of the radiologist. The hospital failed to submit evidence establishing, as a matter of law, that the radiologist was not under its control and not its agent or ostensibly acting as its agent in providing care to the plaintiff and, thus, failed to demonstrate its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it premised upon the alleged malpractice of the radiologist (*see Schacherbauer v University Assoc. in Obstetrics & Gynecology, P.C.*, 56 AD3d 751 [2008]; *Mendez v*

*White,* 40 AD3d 1057 [2007]; *see generally Hill v St. Clare's Hosp.,* 67 NY2d 72, 79-81 [1986]).

The appellants' remaining contentions are without merit. Eng, P.J., Angiolillo, Sgroi and Hinds-Radix, JJ., concur.