On August 2, 2001, Lorraine Lormel (hereinafter the injured plaintiff), underwent gastric bypass surgery at the facility of the defendant Staten Island University Hospital (hereinafter SIUH). The surgery was performed, in part, by the injured plaintiffs private attending physician, the defendant Jerzy Macura. Two days later, on August 4, 2001, when the injured plaintiff complained of symptoms suggestive of an internal leak from a suture, Dr. Yaakov N. Applbaum ordered a gastrografin X ray study to determine whether there was an internal leak. Dr. Carolyn Raia, a radiologist, read the X ray films and concluded that there was no evidence of a leak. The injured plaintiffs symptoms worsened, and, on August 6, 2001, Macura ordered a gastrografin CT study, which revealed that there was, in fact, a leak. Additional surgery was performed to repair the leak. The injured plaintiff, and her husband suing derivatively, commenced this action against SIUH and various physicians, alleging, among other things, that SIUH staff members were negligent after the initial surgery in rendering post-operative care. As relevant here, the plaintiffs alleged that the gastrografin X ray study done on August 4, 2011, was not the appropriate diagnostic test for determining whether there was a leak, and that, in any event, the study was negligently performed and the results were negligently read, thus delaying the diagnosis of a leak. The plaintiffs alleged that the gastrografin CT study *735 should have been ordered earlier. As a result of the alleged malpractice, the plaintiffs alleged that the injured plaintiffs suffering was prolonged.
Following discovery, SIUH moved for summary judgment dismissing the complaint insofar as asserted against it, principally on the ground that all of the injured plaintiffs medical care was managed by her private attending physicians and not by SIUH employees, and that SIUH staff were not negligent in their treatment of her. The Supreme Court denied SIUH’s motion. It found that there were triable issues of fact as to whether Raia was an employee of SIUH and whether SIUH should have appended a cautionary statement on the gastrografin X ray study noting the deficient quality of the study and its inherent limits in ruling out surgical suture leaks. Upon reargument, the Supreme Court adhered to its determination. We agree with the Supreme Court that SIUH was not entitled to summary judgment, but for a different reason.
“In general, a hospital may not be held vicariously liable for the malpractice of a private attending physician who is not an employee, and may not be held concurrently liable unless its employees committed independent acts of negligence or the attending physician’s orders were contraindicated by normal practice such that ordinary prudence required inquiry into the correctness” of those orders (Toth v Bloshinsky, 39 AD3d 848, 850 [2007]; see Corletta v Fischer, 101 AD3d 929, 930 [2012]; Cerny v Williams, 32 AD3d 881, 883 [2006]). Contrary to the Supreme Court’s determination, SIUH established prima facie that Raia was not its employee when she read the injured plaintiffs X ray films, and that it could not otherwise be held vicariously liable for her actions.
SIUH, however, failed to establish, prima facie, that Applbaum was not its employee, and thus that it was not vicariously liable for his acts (see Toth v Bloshinsky, 39 AD3d at 850). Given this failure, SIUH needed to establish either that Applbaum was not negligent or that his negligence was not a proximate cause of the injured plaintiffs injuries (see Stukas v Streiter, 83 AD3d 18, 24 [2011]). SIUH failed to make the necessary showing. A defendant moving for summary judgment in an action alleging medical malpractice must specifically address the allegations of medical malpractice contained in the plaintiffs’ bill of particulars (see Wall v Flushing Hosp. Med. Ctr., 78 AD3d 1043, 1044-1045 [2010]; Terranova v Finklea, 45 AD3d 572, 572 [2007]). Conclusory statements of a defendant’s expert to the effect that the defendant physician did not depart from good and accepted practice are insufficient. Here, SIUH’s expert failed to specifi *736 cally address whether Applbaum departed from the applicable standard of care when, on August 4, 2001, he ordered a gastrografin X ray study, rather than a grastrografin CT study (see Wall v Flushing Hosp. Med. Ctr., 78 AD3d at 1045; Grant v Hudson Val. Hosp. Ctr., 55 AD3d 874, 874-875 [2008]; Terranova v Finklea, 45 AD3d at 573). It also failed to establish that Applbaum’s alleged departure was not a proximate cause of the injured plaintiffs injuries (cf. Stukas v Streiter, 83 AD3d at 30-31). Inasmuch as SIUH failed to satisfy its prima facie burden, its motion was properly denied without regard to the sufficiency of the plaintiffs’ opposition papers (see Faicco v Golub, 91 AD3d 817, 818 [2012]). Skelos, J.P., Balkin, Leventhal and Sgroi, JJ., concur.