■ ALEXA MONZON, Appellant, v GREGORY CHIARAMONTE, M.D., P.C., et al., Defendants, and SAGE C. FOOTE, P.A., Respondent. (Appeal Nos. 1 and 3.) ALEXA MONZON, Appellant, v GREGORY CHIARAMONTE, M.D., P.C., et al., Defendants, and

ALAN M. MADELL, M.D., et al., Respondents. (Appeal No. 2.) [35 NYS3d 371]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Dutchess County (Brands, J.), dated January 15, 2013, as granted that branch of the motion of the defendant Sage C. Foote pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against her, (2) from a judgment of the same court entered March 17, 2014, which, upon the order dated January 15, 2013, is in favor of the defendant Sage C. Foote and against her dismissing the complaint insofar as asserted against that defendant, and (3) from an order of the same court dated April 3, 2014, which (a) granted the motion of the defendants Alan M. Madell and Chris D. Donikyan pursuant to CPLR 3126 and 3042 to dismiss the complaint insofar as asserted against them, and (b), upon granting that branch of the motion of the defendant St. Luke's Cornwall Hospital which was to strike her certificate submitted pursuant to CPLR 3012-a (c), conditionally granted that branch of the motion which was to dismiss the complaint insofar as asserted against that defendant, unless the plaintiff filed and served a certificate of merit pursuant to CPLR 3012-a (a) (1) within 30 days after notice of entry of the order upon the plaintiff's counsel.

Ordered that the appeal from the order dated January 15, 2013, is dismissed; and it is further,

Ordered that judgment is affirmed; and it is further,

Ordered that the order dated April 3, 2014, is modified, on the law, by deleting the provision thereof granting the motion of the defendants Alan M. Madell and Chris D. Donikyan to dismiss the complaint insofar as asserted against them, and substituting therefor a provision denying that motion; as so modified, the order dated April 3, 2014, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants Sage C. Foote and St. Luke's Cornwall Hospital payable by the plaintiff, and one bill of costs is awarded to the plaintiff payable by the defendants Alan M. Madell and Chris D. Donikyan.

The appeal from the order dated January 15, 2013, must be dismissed because the right of direct appeal therefrom terminated with the entry of the March 17, 2014 judgment in favor of the defendant Sage C. Foote (see Matter of Aho, 39

NY2d 241, 248 [1976]). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from that judgment (*see* CPLR 5501 [a] [1]).

The plaintiff alleges that the defendant St. Luke's Cornwall Hospital (hereinafter the hospital), the defendant Alan M. Madell, an emergency room physician, the defendant Chris D. Donikyan, a radiologist, and the defendant Sage C. Foote, a physician's assistant, committed medical malpractice by failing to properly diagnose and treat a fracture in her right knee. Along with the complaint, the plaintiff's attorney submitted a certificate pursuant to CPLR 3012-a (c), stating that the plaintiff intended to rely solely on the doctrine of res ipsa loquitur, and for that reason was not filing a certificate of merit pursuant to CPLR 3012-a (a). The hospital moved to strike the certificate filed by the plaintiff, asserting that the doctrine of res ipsa loquitur did not apply and that the plaintiff was required to file a certificate of merit pursuant to CPLR 3012-a (a) (1), and to dismiss the complaint unless the plaintiff filed a certificate of merit within 30 days. In an order dated April 3, 2014, the Supreme Court struck the certificate filed and conditionally granted the hospital's motion to dismiss the complaint. Madell and Donikyan moved pursuant to CPLR 3126 and 3042 to dismiss the complaint insofar as asserted against them, contending that the bills of particulars submitted by the plaintiff were insufficient. The court granted that motion in the same order. Foote moved, inter alia, pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against her for lack of jurisdiction. In an order dated January 15, 2013, the court granted that branch of the motion, and a judgment dismissing the complaint against Foote was thereafter entered. The plaintiff appeals.

The Supreme Court did not err in conditionally granting that branch of the hospital's motion which was to dismiss the complaint insofar as asserted against it unless the plaintiff filed and served a certificate of merit pursuant to CPLR 3012-a (a) (1) within 30 days (*see Dye v Leve*, 181 AD2d 89 [1992]). Cases such as this, which allege medical malpractice for failure to diagnose a condition or to render appropriate treatment, pertain to the level or standard of care expected of a physician in the community, and do not encompass matters within the ordinary knowledge and experience of laypersons (*see Mosberg v Elahi*, 176 AD2d 710 [1991], *affd* 80 NY2d 941 [1992]). The doctrine of res ipsa loquitur is therefore not applicable to this case (*see Bin Xin Tan v St. Vincent's Hosp. & Med. Ctr. of N.Y.*, 294 AD2d 122 [2002]). This case is not one of the narrow

category of factually simple medical malpractice cases which require no expert to enable a jury to reasonably conclude that the injury would not have happened without negligence (*see Kambat v St. Francis Hosp.*, 89 NY2d 489, 496 [1997]). The plaintiff was thus required pursuant to CPLR 3012-a (a) (1) to submit a certificate of merit declaring that her attorney had reviewed the facts of the case and consulted with at least one physician knowledgeable regarding the relevant issues in this action, and that the attorney had concluded that there was a reasonable basis for the commencement of the action.

However, the Supreme Court erred in granting the motion of Madell and Donikyan pursuant to CPLR 3126 and 3042 to dismiss the complaint insofar as asserted against them for failure to provide responsive bills of particulars. The bills of particulars submitted by the plaintiff, first in response to the demands of those defendants, and then, pursuant to a court directive and also in opposition to the motion, provided general statements of the acts or omissions constituting the alleged negligence of each defendant (*see* CPLR 3043 [a] [3]; *Contreras v Adeyemi*, 102 AD3d 720 [2013]; *Toth v Bloshinsky*, 39 AD3d 848 [2007]; *Kaplan v Rosiello*, 16 AD3d 626 [2005]). The bills of particulars set forth the condition that these defendants allegedly failed to diagnose, and improperly treated or failed to treat (*see Mahr v Perry*, 74 AD3d 1030 [2010]; *cf. Caudy v Rivkin*, 109 AD2d 725 [1985]). The plaintiff did not refuse to obey an order for disclosure, or willfully fail to disclose information which the court found ought to have been disclosed (*see* CPLR 3126), or to provide particulars which the court found ought to have been provided (*see* CPLR 3042 [d]).

The Supreme Court did not err in granting that branch of Foote's motion which was to dismiss the complaint insofar as asserted against her pursuant to CPLR 3211 (a) (8) based on defective service of process. Foote demonstrated that the plaintiff failed to establish that the delivery and mailing requirements of CPLR 308 (2) were strictly complied with (*see Samuel v Brooklyn Hosp. Ctr.*, 88 AD3d 979 [2011]; *Santiago v Honcrat*, 79 AD3d 847 [2010]). Personal jurisdiction was therefore not acquired over Foote (*see Washington Mut. Bank v Murphy*, 127 AD3d 1167, 1174 [2015]; *Gray-Joseph v Shuhai Liu*, 90 AD3d 988 [2011]). Balkin, J.P., Hall, Barros and Connolly, JJ., concur.