Mitchell v Goncalves (2020 NY Slip Op 00268)





Mitchell v Goncalves


2020 NY Slip Op 00268


Decided on January 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2016-11999
2017-02290
 (Index No. 702587/14)

[*1]Robert C. Mitchell, etc., appellant, 
v
John J. Goncalves, etc., et al., defendants, Nona Chen, etc., et al., respondents.


Morelli Law Firm PLLC, New York, NY (Sara A. Mahoney of counsel), for appellant.
Kerley, Walsh, Matera & Cinquemani, P.C., Seaford, NY (Lauren B. Bristol of counsel), for respondents.
In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), entered October 6, 2016, and (2) an order of the same court entered February 27, 2017. The order entered October 6, 2016, insofar as appealed from, granted that branch of the motion of the defendants Nona Chen, Eileen P. Tutaj, Winthrop Faculty Medical Affiliates, and University Faculty Practice Corporation which was for summary judgment dismissing the complaint insofar as asserted against the defendants Winthrop Faculty Medical Affiliates and University Faculty Practice Corporation. The order entered February 27, 2017, denied the plaintiff's motion, denominated as one for leave to renew and reargue, but which was, in actuality, a motion for leave to reargue his opposition to that branch of the motion of the defendants Nona Chen, Eileen P. Tutaj, Winthrop Faculty Medical Affiliates, and University Faculty Practice Corporation which was for summary judgment dismissing the complaint insofar as asserted against the defendants Winthrop Faculty Medical Affiliates and University Faculty Practice Corporation.



DECISION & ORDER
Motion by the defendants Nona Chen, Eileen P. Tutaj, Winthrop Faculty Medical Affiliates, and University Faculty Practice Corporation to dismiss the appeal from the order entered February 27, 2017, on the ground that no appeal lies from an order denying reargument. By decision and order on motion of this Court dated July 26, 2017, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is
ORDERED that the motion is granted; and it is further,
ORDERED that the appeal from the order entered February 27, 2017, is dismissed; and it is further,
ORDERED that the order entered October 6, 2016, is reversed insofar as appealed from, on the law, and that branch of the motion of the defendants Nona Chen, Eileen P. Tutaj, Winthrop Faculty Medical Affiliates, and University Faculty Practice Corporation which was for summary judgment dismissing the complaint insofar as asserted against the defendants Winthrop Faculty Medical Affiliates and University Faculty Practice Corporation is denied; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action alleging, inter alia, that the defendants Winthrop Faculty Medical Affiliates and University Faculty Practice Corporation (hereinafter together the Hospital) and the defendants John J. Goncalves, Michael E. Khalife, and David S. Shin departed from accepted standards of medical practice in connection with the care rendered to the plaintiff's decedent from March 5, 2012, until the decedent's death on May 16, 2012. The complaint alleged, among other things, that Goncalves, Khalife, and Shin were each "an agent, servant, and/or employee of" the Hospital and acted within the scope of their employment during the relevant time period.
Following the completion of discovery, the Hospital and the defendants Nona Chen, and Eileen P. Tutaj moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against the Hospital. In opposition, the plaintiff argued that the Hospital failed to establish, prima facie, that it was not vicariously liable for the acts or omissions of Goncalves, Khalife, and Shin. In an order entered October 6, 2016, the Supreme Court, among other things, granted that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the Hospital. The plaintiff appeals.
"In general, under the doctrine of respondeat superior, a hospital may be held vicariously liable for the negligence or malpractice of its employees acting within the scope of employment" (Seiden v Sonstein, 127 AD3d 1158, 1160; see Hill v St. Clare's Hosp., 67 NY2d 72, 79). However, a hospital is generally not vicariously liable for the negligence or malpractice of a private attending physician who is not an employee (see Hill v St. Clare's Hosp., 67 NY2d at 79; Castro v Durban, 161 AD3d 939, 941; Muslim v Horizon Med. Group, P.C., 118 AD3d 681, 683; Giambona v Hines, 104 AD3d 807, 811; Gardner v Brookdale Hosp. Med. Ctr., 73 AD3d 1124, 1124). "An exception to this general rule exists where a patient comes to the emergency room seeking treatment from the hospital and not from a particular physician of the patient's choosing'" (Muslim v Horizon Med. Group, P.C., 118 AD3d at 683, quoting Orgovan v Bloom, 7 AD3d 770, 771; see Spiegel v Beth Israel Med. Ctr.-Kings Hwy. Div., 149 AD3d 1127, 1129; Giambona v Hines, 104 AD3d at 811; Gardner v Brookdale Hosp. Med. Ctr., 73 AD3d at 1124), or a nonemployee physician otherwise acted as an agent of the hospital or the hospital exercised control over the physician (see Castro v Durban, 161 AD3d at 942; Keesler v Small, 140 AD3d 1021, 1022; Contreras v Adeyemi, 102 AD3d 720, 722). To establish its entitlement to summary judgment dismissing a claim of vicarious liability, a hospital must address and rebut any such allegations contained in the complaint and the bill of particulars (see Sheppard v Brookhaven Mem. Hosp. Med. Ctr., 171 AD3d 1234, 1235; Ticali v Locascio, 24 AD3d 430, 431). In the absence of such a showing, the hospital must establish either that the physician was not negligent or that the physician's negligence was not a proximate cause of the plaintiff's injuries (see Lormel v Macura, 113 AD3d 734, 735; Stukas v Streiter, 83 AD3d 18, 24).
Here, the Hospital failed to meet this burden. Although the plaintiff alleged in the complaint that Goncalves, Khalife, and Shin were employees, agents, or servants of the Hospital, the Hospital did not rebut these allegations in support of the summary judgment motion. The evidence submitted by the Hospital demonstrated that Goncalves was an employee of the Hospital, and that Khalife and Shin, both private attending physicians, were brought in by the Hospital to render care and treatment to the plaintiff's decedent. The Hospital therefore failed to establish, prima facie, that it was not vicariously liable for the acts or omissions of Goncalves, Khalife, and Shin (see Castro v Durban, 161 AD3d at 942; Contreras v Adeyemi, 102 AD3d at 722). In addition, the conclusory statements of the Hospital's expert that the surgical and supportive measures undertaken were "appropriate," and that the care and treatment of the plaintiff's decedent was at all times within good and accepted medical practice, were insufficient to establish that Goncalves, Khalife, and Shin were [*2]not negligent or that their negligence was not a proximate cause of the decedent's injuries or death (see Lormel v Macura, 113 AD3d at 735; Stukas v Streiter, 83 AD3d at 24).
Accordingly, the Hospital failed to make a prima facie showing of its entitlement to judgment as a matter of law dismissing so much of the complaint as alleged that it was vicariously liable for the acts or omissions of Goncalves, Khalife, and Shin (see Castro v Durban, 161 AD3d at 942; Contreras v Adeyemi, 102 AD3d at 722). Therefore, that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the Hospital should have been denied, regardless of the sufficiency of the plaintiff's papers in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DILLON, J.P., COHEN, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court