Vargas v Lee (2022 NY Slip Op 04661)

Vargas v Lee

2022 NY Slip Op 04661

Decided on July 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2019-06998
 (Index No. 507923/13)

[*1]Jose Vargas, et al., respondents,
v
A. Lee, etc., et al., defendants, Wyckoff Heights Medical Center, appellant.

Arshack, Hajek & Lehrman, PLLC, New York, NY (Lynn Hajek of counsel), for appellant.
Silberstein Awad & Miklos, P.C., Garden City, NY (Michael Lauterborn of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the defendant Wyckoff Heights Medical Center appeals from an order of the Supreme Court, Kings County (Bernard J. Graham, J.), dated April 17, 2019. The order, insofar as appealed from, denied that branch of the motion of the defendants Wyckoff Heights Medical Center, Sounder R. Eswar, and Sounder R. Eswar, P.C., which was for summary judgment dismissing the complaint insofar as asserted against the defendant Wyckoff Heights Medical Center.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs commenced this action, inter alia, to recover damages for medical malpractice in connection with the postoperative care rendered to the plaintiff Jose Vargas (hereinafter Vargas) at the defendant Wyckoff Heights Medical Center (hereinafter Wyckoff) from February 6, 2012, to May 17, 2012, during which he developed gangrene in his left foot, which ultimately required amputation. Following the completion of discovery, Wyckoff and the defendants Sounder R. Eswar and Sounder R. Eswar, P.C., moved for summary judgment dismissing the complaint insofar as asserted against them. In an order dated April 17, 2019, the Supreme Court, among other things, denied that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against Wyckoff. Wyckoff appeals, and we affirm.
"On a motion for summary judgment dismissing a cause of action alleging medical malpractice, the defendant bears the initial burden of establishing that there was no departure from good and accepted medical practice or that any alleged departure did not proximately cause the plaintiff's injuries" (Carradice v Jamaica Hosp. Med. Ctr., 198 AD3d 863, 864; see Wiater v Lewis, 197 AD3d 782; Pirri-Logan v Pearl, 192 AD3d 1149). "In order to sustain this prima facie burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's complaint and bill of particulars" (Wiater v Lewis, 197 AD3d at 783; see Huichun Feng v Accord Physicians, PLLC, 194 AD3d 795; Pirri-Logan v Pearl, 192 AD3d at 1150). "'Summary [*2]judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions'" (Pirri-Logan v Pearl, 192 AD3d at 1150, quoting Feinberg v Feit, 23 AD3d 517, 519). "'General and conclusory allegations of medical malpractice, however, unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat a defendant physician's summary judgment motion'" (Pirri-Logan v Pearl, 192 AD3d at 1150, quoting Meyers v Ferrara, 56 AD3d 78, 84).
"'In general, under the doctrine of respondeat superior, a hospital may be held vicariously liable for the negligence or malpractice of its employees acting within the scope of employment, but not for negligent treatment provided by an independent physician, as when the physician is retained by the patient himself [or herself]'" (Fuessel v Chin, 179 AD3d 899, 901, quoting Seiden v Sonstein, 127 AD3d 1158, 1160). However, an exception to the rule that a hospital may not be held vicariously liable for the treatment provided by an independent physician applies "where a patient comes to emergency room seeking treatment from the hospital and not from a particular physician of the plaintiff's choosing" (see Fuessel v Chin, 179 AD3d at 901 [internal quotation marks omitted]), "or a nonemployee physician otherwise acted as an agent of the hospital or the hospital exercised control over the physician" (Mitchell v Goncalves, 179 AD3d 787, 789).
Here, Wyckoff failed to meet its prima facie burden. Contrary to the opinion of Wyckoff's medical expert, the medical records submitted in support of its motion demonstrating that Vargas was repeatedly admonished postoperatively to keep his left foot in an elevated position failed to eliminate triable issues of fact as to whether a number of earlier erroneous postoperative instructions from a nurse in Wyckoff's employ, for Vargas to elevate his foot and then hang it in a dependent position, proximately caused or contributed to Vargas's injuries (see G.M.C. v O'Sullivan, 197 AD3d 1230). In addition, the evidence submitted by Wyckoff failed to demonstrate that the defendant Mahalingam Sivakumar was a private, independent physician for whose negligent acts it cannot be held liable under the doctrine of respondeat superior (see Fuessel v Chin, 179 AD3d 899). Rather, Wyckoff's submissions established that Sivakumar was assigned by Wyckoff to render a vascular surgical consultation to Vargas in connection with his postoperative care and treatment (see Mitchell v Goncalves, 179 AD3d 787; Keitel v Kurtz, 54 AD3d 387). In addition, Wyckoff failed to establish that the care and treatment rendered by Sivakumar was at all times within good and accepted medical practice (see Carradice v Jamaica Hosp. Med. Ctr., 198 AD3d 863).
Accordingly, the Supreme Court properly denied that branch of the motion of Wyckoff, Sounder R. Eswar, and Sounder R. Eswar, P.C., which was for summary judgment dismissing the complaint insofar as asserted against Wyckoff.
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court