Ciceron v Gulmatico (2023 NY Slip Op 05118)

Ciceron v Gulmatico

2023 NY Slip Op 05118

Decided on October 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
DEBORAH A. DOWLING
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2021-06107
2021-06804
 (Index No. 2635/13)

[*1]Brunon Ciceron, et al., appellants,
v
Constantino . Gulmatico, etc., et al., defendants, Beth Israel Medical Center, respondent. Robert G. Leino, New York, NY, for appellants.

Shaub Ahmuty Citrin & Spratt, LLP, Lake Success, NY (Christopher Simone and Nicholas Tam of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and lack of informed consent, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated July 13, 2021, and (2) a clerk's judgment of the same court dated August 2, 2021. The order dated July 13, 2021, insofar as appealed from, (1) granted the motion of the defendant Beth Israel Medical Center which was for leave to reargue that branch of its prior motion which was for summary judgment dismissing so much of the complaint as alleged that it was vicariously liable for the alleged medical malpractice of the defendant Constantino V. Gulmatico, upon reargument, in effect, vacated so much of an order of the same court dated January 4, 2021, as denied that branch of that prior motion, and, thereupon, granted that branch of the prior motion of the defendant Beth Israel Medical Center which was for summary judgment dismissing so much of the complaint as alleged that it was vicariously liable for the alleged medical malpractice of the defendant Constantino V. Gulmatico, and (2) denied the plaintiffs' cross-motion, in effect, for leave to renew their opposition to that branch of the prior motion of the defendant Beth Israel Medical Center which was for summary judgment dismissing the cause of action to recover damages for medical malpractice insofar as asserted against it. The clerk's judgment, upon the order dated July 13, 2021, is in favor of the defendant Beth Israel Medical Center and against the plaintiffs dismissing the complaint insofar as asserted against that defendant.
ORDERED that the appeal from the order dated July 13, 2021, is dismissed; and it is further,
ORDERED that the clerk's judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant Beth Israel Medical Center.
The appeal from the order dated July 13, 2021, must be dismissed because the right of direct appeal therefrom terminated with the entry of the clerk's judgment in the action (see Matter of Aho, 39 NY2d 241). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the clerk's judgment (see CPLR 5501[a][1]).
The facts underlying this action can be found in our decision and order in a related appeal decided herewith (Ciceron v Gulmatico ___ AD3d ___ [Appellate Division Docket No. 2021-03249; decided herewith]). The defendant Beth Israel Medical Center (hereinafter Beth Israel) moved for summary judgment dismissing the complaint insofar as asserted against it. In an order dated January 4, 2021, the Supreme Court, inter alia, denied that branch of Beth Israel's motion which was for summary judgment dismissing so much of the complaint as alleged that it was vicariously liable for the alleged medical malpractice of the defendant Constantino V. Gulmatico, and granted that branch of Beth Israel's motion which was for summary judgment dismissing the cause of action to recover damages for medical malpractice insofar as asserted against it. Beth Israel moved for leave to reargue that branch of its prior motion which was for summary judgment dismissing so much of the complaint as alleged that it was vicariously liable for the alleged medical malpractice of Gulmatico. The plaintiffs opposed the motion, and cross-moved, in effect, for leave to renew their opposition to that branch of Beth Israel's prior motion which was for summary judgment dismissing the cause of action to recover damages for medical malpractice insofar as asserted against Beth Israel. In an order dated July 13, 2021, the court granted Beth Israel leave to reargue, and, upon reargument, in effect, vacated so much of the order dated January 4, 2021, as denied that branch of Beth Israel's prior motion which was for summary judgment dismissing so much of the complaint as alleged that it was vicariously liable for the alleged medical malpractice of Gulmatico, and, thereupon, granted that branch of Beth Israel's prior motion, and denied the plaintiffs' cross-motion, in effect, for leave to renew their opposition to that branch of Beth Israel's prior motion which was for summary judgment dismissing the cause of action to recover damages for medical malpractice insofar as asserted against Beth Israel. A clerk's judgment was thereafter entered in favor of Beth Israel and against the plaintiffs dismissing the complaint insofar as asserted against Beth Israel. The plaintiffs appeal.
Under the circumstances presented, the Supreme Court providently exercised its discretion in granting that branch of Beth Israel's motion which was for leave to reargue (see CPLR 2221[d][2]). Further, upon reargument, the court properly, in effect, vacated so much of its original determination in the January 4, 2021 order as denied that branch of Beth Israel's motion which was for summary judgment dismissing so much of the complaint as alleged that it was vicariously liable for the alleged medical malpractice of Gulmatico, and, thereupon, granted that branch of the motion. "In general, under the doctrine of respondeat superior, a hospital may be held vicariously liable for the negligence or malpractice of its employees acting within the scope of employment, but not for the negligence or malpractice of an independent physician, as when the physician is retained by the patient himself or herself" (Goffredo v St. Luke's Cornwall Hosp., 194 AD3d 699, 700; see Hill v St. Clare's Hosp., 67 NY2d 72, 79). "However, an exception to the rule that a hospital may not be held vicariously liable for the treatment provided by an independent physician applies where a patient comes to the emergency room seeking treatment from the hospital and not from a particular physician of the plaintiff's choosing, or a nonemployee physician otherwise acted as an agent of the hospital or the hospital exercised control over the physician" (Vargas v Lee, 207 AD3d 684, 685 [citations and internal quotation marks omitted]; see Mitchell v Goncalves, 179 AD3d 787, 789). "Thus, in order to establish its entitlement to judgment as a matter of law defeating a claim of vicarious liability, a hospital must demonstrate that the physician alleged to have committed the malpractice was an independent contractor and not a hospital employee, and that the exception to the general rule did not apply" (Muslim v Horizon Med. Group, P.C., 118 AD3d 681, 683 [citations and internal quotation marks omitted]).
Here, Beth Israel satisfied its prima facie burden by demonstrating that Gulmatico was an independent physician retained by the plaintiff Brunon Ciceron (hereinafter the plaintiff), and that the exception did not apply (see Malefakis v Jazrawi, 209 AD3d 727, 728; Muslim v Horizon Med. Group, P.C., 118 AD3d at 683). In opposition, the plaintiffs failed to raise a triable issue of fact (see Rizzo v Staten Is. Univ. Hosp., 29 AD3d 668, 668-669; cf. Vargas v Lee, 207 AD3d at 685; Mitchell v Goncalves, 179 AD3d at 789). The mere referral by Beth Israel of the plaintiff to Gulmatico does not impose liability upon Beth Israel where, as here, the plaintiff thereafter presented to Gulmatico's private office and retained him to perform surgery (see Ford v Burns, 132 AD2d 595, 596).
Moreover, the Supreme Court providently exercised its discretion in denying the [*2]plaintiffs' cross-motion, in effect, for leave to renew their opposition to that branch of Beth Israel's prior motion which was for summary judgment dismissing the cause of action to recover damages for medical malpractice insofar as asserted against Beth Israel. A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][3]). "'Although the requirement that a motion for renewal must be based on new facts is a flexible one, a motion to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation, and the Supreme Court lacks discretion to grant renewal where the moving party omits a reasonable justification for failing to present the new facts on the original motion'" (Vassiliou-Sideris v Nautilus, Inc., 186 AD3d 1758, 1759, quoting Jovanovic v Jovanovic, 96 AD3d 1019, 1020).
Here, the plaintiffs' cross-motion, in effect, for leave to renew was not supported by new facts (see CPLR 2221[e][2]), but rather by a new "supplemental bill of particulars" which improperly alleged, for the first time, that Beth Israel was directly liable for the failure to diagnose and treat the plaintiff's prostate cancer prior to March 28, 2011 (see CPLR 3043[b]; Mackauer v Parikh, 148 AD3d 873, 877). Accordingly, the Supreme Court properly denied the plaintiffs' cross-motion, in effect, for leave to renew their opposition to that branch of Beth Israel's prior motion which was for summary judgment dismissing the cause of action to recover damages for medical malpractice insofar as asserted against Beth Israel.
BRATHWAITE NELSON, J.P., DOWLING, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court