Napolitano v Wighton (2025 NY Slip Op 00663)

Napolitano v Wighton

2025 NY Slip Op 00663

Decided on February 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
CARL J. LANDICINO, JJ.

2023-09963
 (Index No. 700321/22)

[*1]Luigi Napolitano, appellant, 
v
Robert L. Wighton, etc., et al., respondents.

Harris Keenan & Goldfarb PLLC, New York, NY (Jason S. Steinberg, Marla L. Stein, and Judith Stempler of counsel), for appellant.
Wagner, Doman, Leto & Di Leo P.C., Mineola, NY (Diana M. D'Alessio Di Leo and Theresa M. Manzione of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (Tracy Catapano-Fox, J.), entered August 28, 2023. The order, insofar as appealed from, granted the defendants' cross-motion for summary judgment dismissing the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the defendants' cross-motion which were for summary judgment dismissing the complaint insofar as asserted against the defendants Madeline Fils-Aime, Joseph Demonte, and North Shore University Hospital-Northwell Health, and substituting therefor a provision denying those branches of the cross-motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In January 2022, the plaintiff commenced this action, among other things, to recover damages for medical malpractice, alleging that he fell while at the emergency department of the defendant North Shore University Hospital-Northwell Health (hereinafter NSUH). The plaintiff was identified as a "fall risk" by the defendant Madeline Fils-Aime, a nurse, and was provided with a wristband indicating that risk. The plaintiff was sitting in a wheelchair waiting to be admitted when his name was called by the defendant Joseph Demonte, a patient care assistant. When the plaintiff attempted to stand, he fell and allegedly sustained injuries.
The plaintiff moved for summary judgment on the issue of liability, and the defendants cross-moved for summary judgment dismissing the complaint. In an order entered August 28, 2023, the Supreme Court, inter alia, granted the defendants' cross-motion. The plaintiff appeals.
The Supreme Court properly granted those branches of the defendants' cross-motion which were for summary judgment dismissing the complaint insofar as asserted against the defendants Robert L. Wighton, Sulman Mahmood, Carol Curry, and Karyn Carlson. Those defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them by submitting an affirmation of the defendants' expert [*2]physician (hereinafter the expert affirmation), who averred that, based on a review of hospital records, those defendants did not interact with the plaintiff until after he had fallen and further opined that those defendants did not depart from the standard of care or proximately cause an injury to the plaintiff (see Weintroub v Maimonides Med. Ctr., 222 AD3d 915, 916; Lamalfa v New York Methodist Hosp., 202 AD3d 665, 666). The plaintiff failed to raise a triable issue of fact in opposition (see Avgi v Policha, 232 AD3d 838, 840; Mattocks v Ellant, 231 AD3d 813, 816).
However, the Supreme Court should have denied those branches of the defendants' cross-motion which were for summary judgment dismissing the complaint insofar as asserted against Fils-Aime and Demonte. Those defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them by submitting the expert affirmation, in which the defendants' expert physician opined that Fils-Aime did not deviate from the standard of care in performing an appropriate initial assessment, that there was no need for further safety precautions to be taken, and that there was no act or omission by Fils-Aime or Demonte that caused the plaintiff to fall (see Fairchild v Lerner, 229 AD3d 506, 508; Corujo v Caputo, 224 AD3d 729, 732). In opposition, however, the plaintiff raised triable issues of fact as to whether Fils-Aime and Demonte departed from the standard of care and proximately caused the plaintiff's injuries. The plaintiff's expert opined, among other things, that it was a departure from the standard of care when Fils-Aime and Demonte failed to place the plaintiff on a stretcher with side rails and failed to provide additional safety measures when the plaintiff already had been determined to be a fall risk (see Donohue v Grossman, _____ AD3d _____, 2024 NY Slip Op 06595; Balgobind v Long Is. Jewish Med. Ctr., 218 AD3d 428, 429).
The Supreme Court also should have denied that branch of the defendants' cross-motion which was for summary judgment dismissing the complaint insofar as asserted against NSUH. "'In general, under the doctrine of respondeat superior, a hospital may be held vicariously liable for the negligence or malpractice of its employees acting within the scope of employment'" (Mitchell v Goncalves, 179 AD3d 787, 788, quoting Seiden v Sonstein, 127 AD3d 1158, 1160). Inasmuch as it is undisputed that Fils-Aime and Demonte were employees of NSUH who were acting within the scope of their employment, NSUH failed to demonstrate, prima facie, that it could not be held vicariously liable under the doctrine of respondeat superior for the alleged medical malpractice of its employees who were acting within the scope of their employment (see Mitchell v Goncalves, 179 AD3d at 789).
LASALLE, P.J., CHAMBERS, TAYLOR and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court